**Jesse Ellsworth WHITSEL, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 94–18.

Supreme Court of Iowa.

Dec. 21, 1994.

Edward J. Leff of Wilson, Matias, Usher & Leff, Cedar Rapids, for appellant.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., Denver D. Dillard, County Atty., and Scott C. Peterson, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

This is an appeal from a summary dismissal of an application for postconviction relief. The primary issue is whether the availability of deoxyribonucleic acid (DNA) testing constitutes "newly discovered evidence" entitling appellant to circumvent the three-year limitation period for filing an application for postconviction relief. The appellant also con-

tends the limitation period should not bar his claim of ineffective assistance of counsel. We affirm.

## I. *Background.*

Jesse Whitsel was arrested on November 24, 1981 and charged with kidnapping and sexual abuse on the basis of the abduction and rape of a young woman on October 2, 1981. At the time of his arrest he signed a detailed statement admitting facts of the kidnapping and rape which were very similar to the victim's account of the ordeal. Biological evidence was also collected and analyzed. The evidence included head and pubic hair, blood, saliva, and vaginal washings from the victim.

Whitsel was found guilty of first-degree kidnapping and second-degree sexual abuse in 1982. He was convicted and sentenced to life imprisonment only on the kidnapping charge because second-degree sexual abuse is a lesser included offense of the kidnapping charge. We affirmed his conviction on direct appeal. *State v. Whitsel,* 339 N.W.2d 149 (Iowa 1983). Whitsel's first application for postconviction relief was denied by the district court in 1986. On appeal, the court of appeals affirmed the dismissal. *Whitsel v. State,* 439 N.W.2d 871 (Iowa App.1989). He also sought habeas corpus relief in federal court, which was denied.

In January 1992 Whitsel inquired about evidence that had been collected by the division of criminal investigation (DCI) and examined at its lab. In response to the query the DCI informed Whitsel that it did not have possession of the evidence collected in his case. The letter, dated February 24, 1992, reported: "All evidence was returned to the submitting authority in 1982, and we have had no contact with the case since."

Whitsel filed this application for postconviction relief in July 1992, alleging newly discovered evidence and ineffective assistance of counsel. He contends that the availability of DNA testing constitutes newly discovered evidence which might have proved he was not the assailant. He also contends he requested, but his appellate counsel failed to file, a second application for postconviction relief before July 1, 1987.

Whitsel also filed a motion for discovery requesting that scientific tests, including DNA tests be conducted on the evidence. The motion was set for hearing. Before the hearing was held, the State filed a motion to dismiss the postconviction relief application claiming the application was barred by the statutory limitation contained in Iowa Code section 822.3 (1993). Whitsel filed a resistance to the motion to dismiss and request for hearing. Following hearing on the motion to dismiss, the court concluded that it would probably grant the motion to dismiss because of the failure to file a timely postconviction application. The court notified the parties of its intent to dismiss the application and its reasons. The court gave the parties an opportunity to respond to the proposed dismissal and set final submission for November 25, 1993. *See* Iowa Code § 822.6. Briefs and affidavits were filed by the parties. In its final ruling the court concluded there was no proof that there was biological evidence available for DNA testing. Even if such evidence were available and the DNA testing were favorable to Whitsel, the court concluded "there is no significant possibility that the evidence would change the verdict ... at a new trial." Whitsel appeals.

## II. *Scope of Review.*

■ Postconviction relief proceedings are law actions triable to the court. Therefore our review is for error, not de novo. *Kinnersley v. State,* 494 N.W.2d 698, 699 (Iowa 1993).

## III. *Newly Discovered Evidence.*

Iowa Code section 822.3 provides a limitation period for filing postconviction relief from a conviction or sentence. The statute provides in part:

> All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Because Whitsel's conviction became final before the adoption of the three-year limitation provision, his application must be filed on or before June 30, 1987 or be barred from relief. *Brewer v. Iowa Dist. Court,* 395 N.W.2d 841, 844 (Iowa 1986).

■ Whitsel's application for postconviction relief is time barred under section 822.3 unless he establishes that there is "a ground of fact or law that could not have been raised within the applicable time period." Newly discovered evidence would constitute a "ground of fact" under the statute. *Hogan v. State,* 454 N.W.2d 360, 361 (Iowa 1990); *State v. Edman,* 444 N.W.2d 103, 106 (Iowa App.1989). For purposes of postconviction relief, the newly discovered evidence must be relevant and likely to change the result of the case. *Id.*

■ We have frequently examined motions for new trial on the basis of newly discovered evidence. To support such motion the proponent of the "newly discovered" evidence must show:

(1) that the evidence was discovered after the verdict;

(2) that it could not have been discovered earlier in the exercise of due diligence;

(3) that the evidence is material to the issue in the case and not merely cumulative or impeaching; and

(4) that the evidence probably would have changed the result of the trial.

*Jones v. State,* 479 N.W.2d 265, 274 (Iowa 1991). We have also recognized that motions for new trial on the basis of newly discovered evidence should be looked upon with disfavor and granted sparingly. *E.g., Cornell v. State,* 430 N.W.2d 384, 387 (Iowa 1988).

■ Whitsel contends that DNA testing (also known as DNA or genetic "fingerprinting," "identification," "printing," "typing," or "profiling") constitutes newly discovered evidence because the technique had not been developed at the time of trial and because the Iowa Supreme Court did not rule it to be admissible until 1991. *See State v. Brown,* 470 N.W.2d 30, 31–33 (Iowa 1991). We note that *Brown* was not the first time we permitted scientific evidence relating to genetic testing. We have admitted forensic serology,

which is an identification process involving the genetic makeup of blood and tissues using genetic markers. *State v. Klindt,* 389 N.W.2d 670, 671–73 (Iowa 1986). Our general rule of admissibility of blood typing and genetic identification in paternity cases is applicable in criminal cases. *Id.* at 673; *see also State ex rel. Buechler v. Vinsand,* 318 N.W.2d 208, 211–12 (Iowa 1982). We recognized the relevancy and materiality of blood type comparison evidence in establishing the identity of a murderer in *State v. Mark,* 286 N.W.2d 396, 412–13 (Iowa 1979).

Here, Whitsel was provided the results of the lab serology tests before trial in January 1982. They revealed he was a secretor. A secretor is a person who secretes blood type ABO blood group substances together with H substances in his body fluids. Whitsel belongs to blood group O. The victim was also a secretor and her blood group was O. Although acid phosphatase and spermatoza were detected in the vaginal washings of the victim, the secretion typing of the vaginal washings was inconclusive. None of the biological evidence was offered at trial. Whitsel made no effort to use available blood typing and genetic testing techniques at his criminal trial.

■ Regardless of whether DNA testing was available and could have been raised within the applicable time period, Whitsel has not demonstrated that DNA testing would likely change the results of his case. The gist of his argument is that DNA testing is so powerful that he would be acquitted in a new trial if the results turned out favorable to him. Weighing the proposed "newly discovered evidence" with the evidence presented at trial, we disagree. The evidence against Whitsel is so strong that even favorable DNA results would not likely change the outcome of the trial. Obviously there was sufficient evidence to convict Whitsel without blood or genetic identification evidence. DNA testing "which *could* have been exculpatory is equivalent to saying such testing is merely *potentially* helpful to the defense." *Thompson v. State,* 492 N.W.2d 410, 413 (Iowa 1992). We and the court of appeals have already characterized the evidence against Whitsel as "extensive," *State v. Whit-*

*sel,* 339 N.W.2d at 157, and "overwhelming," *Whitsel v. State,* 439 N.W.2d at 875.

Here, Whitsel confessed in detail to the crime. Although he argues his confession to the rape was coerced, we rejected this argument in his direct appeal. *State v. Whitsel,* 339 N.W.2d at 155. Whitsel's detailed confession closely resembled the victim's account of the assault. Also, the victim provided a detailed description of her assailant which matched Whitsel's characteristics; and she unequivocally identified him as her attacker both in and out of the court. She testified that she had ample opportunity to observe her attacker's face during the commission of the crime. Her descriptions of his voice, his clothes, and the pickup truck he drove all implicated Whitsel in the crime. All the evidence strongly implicated Whitsel's guilt. *See Thompson,* 492 N.W.2d at 413–14 (defendant not entitled to new trial on the basis of ineffective assistance of counsel who failed to obtain independent DNA testing because the evidence, including the victim's unequivocal identification of the defendant, strongly identified the assailant).

We hold Whitsel's application for postconviction relief based on newly discovered evidence is barred by Iowa Code section 822.3. He failed to show a ground of fact that could not have been raised within the applicable time period which would likely change the result of the case.

## IV. *Discovery Request.*

Whitsel argues that, at a minimum, the court should have granted his discovery motion that the evidence be tested to find out if the DNA results support his claim. Because the court never ruled on the motion for discovery and Whitsel made no request or demand for a ruling, the State argues error on this issue was not preserved. The omission of an express ruling is not necessarily fatal to an appeal where that ruling is apparent from the circumstances. *State v. Walker,* 304 N.W.2d 193, 195 (Iowa 1981). The court's denial of the motion for discovery was apparent from its dismissal of the application.

█ The record reflects that the evidence Whitsel wished to have tested no long-er is available for testing. The jeans, sweater, hair, and vaginal washings that were subject to DCI testing were not exhibits at trial and are no longer in the possession of the State. Whitsel has failed to show that there is any evidence available to test. He argues the State has a duty to preserve the evidence. Under these circumstances we conclude the State does not have a statutory obligation to preserve evidence in a criminal case beyond what is reasonably necessary for its production at trial. Iowa Code § 808.9; *see also* Iowa Code ch. 809. Failure of the State to preserve potentially useful evidence does not constitute a denial of due process unless the defendant can show bad faith. *State v. Dulaney,* 493 N.W.2d 787, 791 (Iowa 1992).

## V. *Ineffective Assistance of Counsel.*

Whitsel claims he received ineffective assistance of counsel from the attorney appointed to represent him in the appeal of his first application for postconviction relief. He contends he asked his appellate counsel to file a second application for postconviction relief before it became time barred under section 822.3. Whitsel wanted his appellate attorney to file a second application based upon the failure of previous counsel to challenge the sufficiency of the evidence on the confinement elements of first-degree kidnapping conviction and for failing to challenge the constitutionality of the kidnapping statute on double jeopardy grounds. Because his appellate attorney failed to file within the applicable time period, Whitsel urges his claim should not be barred.

█ Whitsel's claim essentially targets all previous counsel's failure to raise the issues he now asserts. Ineffective assistance of counsel may constitute "sufficient reason" for failure to raise an issue in an earlier trial or direct appeal. *Jones,* 479 N.W.2d at 271. It does not, however, constitute a claim that "could not have been raised within the applicable time period" under section 822.3. *Wilkins v. State,* 522 N.W.2d 822, 823 (Iowa 1994). Whitsel's assertion of ineffective assistance of counsel does not save the application from being barred under section 822.3 because he knew of the underlying claim

before it became time barred. *See id.* Whitsel also knew that his appellate attorney did not file the postconviction relief application before the limitation period ran. He waited five years before raising this issue in his second application for postconviction relief.

 Even if the claim were not time barred by section 822.3, it would fail. To succeed Whitsel would first have to show by a preponderance of the evidence that there was "sufficient reason" or cause for not having raised the issue in the trial court or on direct appeal or in his first application for postconviction relief. *Hinkle v. State*, 290 N.W.2d 28, 31 (Iowa 1980); *see also* Iowa Code § 822.8. Second, he must prove by a preponderance of the evidence that he suffered actual prejudice resulting from the alleged ineffectiveness of counsel. *See Greiman v. State*, 471 N.W.2d 811, 814 (Iowa 1991); *Polly v. State*, 355 N.W.2d 849, 856 (Iowa 1984).

Whitsel did not show that either of his claims would likely succeed on their merits. There was sufficient evidence on the confinement and removal elements of kidnapping to support the jury verdict. Both his confession and the victim's testimony indicated that he grabbed the victim around the throat, held onto her hair, covered her mouth, and pushed her from the sidewalk into a back yard where he sexually assaulted her. Contrary to Whitsel's argument that the victim was only sexually abused in the back yard, the evidence supports a finding that Whitsel then forced the victim into his pickup and drove into a secluded rural area where he sexually assaulted her again. Those acts clearly constitute confinement or removal in excess to that which is an inherent incident to the crime of sexual abuse. *See, e.g., State v. Rich*, 305 N.W.2d 739, 745 (Iowa 1981).

Whitsel was not prejudiced by counsel's failure to challenge the constitutionality of the kidnapping statute on double jeopardy grounds because we have rejected a challenge to the statute on these grounds. *State v. Goff*, 342 N.W.2d 830, 836 (Iowa 1983). For the foregoing reasons we hold it was not error for the district court to dismiss Whitsel's application for postconviction relief.

**AFFIRMED.**