# IN THE COURT OF APPEALS OF IOWA

No. 14-0031
Filed December 23, 2015

**DOUGLAS PAUL BEERY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Joel D. Novak, Judge.


Applicant appeals the district court decision granting summary disposition to the State on his application for postconviction relief on the grounds of untimeliness. **AFFIRMED.**


Christine E. Branstad of Branstad Law, P.L.L.C., Des Moines, for appellant.

Douglas P. Beery, Anamosa, pro se.

Thomas J. Miller, Attorney General, and Benjamin Parrott and Kevin Cmelik, Assistant Attorneys General, for appellee.


Considered by Vogel, P.J., Vaitheswaran, J., and Mahan, S.J.*  Tabor, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Douglas Beery appeals the district court decision granting summary disposition to the State on his third application for postconviction relief on the grounds of untimeliness. We affirm the district court's decision finding Beery's application was untimely under Iowa Code section 822.3 (2013).

## I. Background Facts & Proceedings.

Beery was convicted of first-degree murder and assault with intent to inflict serious injury. He was sentenced to life imprisonment. His conviction was affirmed, *State v. Beery*, No. 96-1187 (Iowa Ct. App. July 30, 1997), and procedendo issued on October 15, 1997.

Beery filed his first application for postconviction relief in April 1999. The district court denied Beery's claim that he received ineffective assistance due to defense counsel advising him not to testify at his criminal trial. The court's denial of the application was affirmed on appeal. *See Beery v. State*, No. 00-0015, 2001 WL 98382, *2 (Iowa Ct. App. Feb. 7, 2001).

Beery filed a second application for postconviction relief on November 9, 2010, claiming he was entitled to a new trial based on newly-discovered evidence. The district court denied the application, finding the claimed newly-discovered evidence was merely cumulative or impeaching and would not probably change the result of the trial. The district court's decision was affirmed on appeal. *See Beery v. State*, No. 13-0203, 2014 WL 956006, *3 (Iowa Ct. App. Mar. 12, 2014).

Beery filed his third, and present, application for postconviction relief on June 11, 2013, claiming there was new evidence about the reason his defense counsel did not call a witness, Kelly Milani, to testify at his criminal trial. The State filed a motion for summary disposition, asserting Beery's claims were barred by the three-year statute of limitations in Iowa Code section 822.3.

The district court entered a ruling on December 23, 2013, granting the State's request for summary disposition. The court found, "[T]here is nothing in the record that suggests that the defendant could not have uncovered this witness's name through proper discovery during his original postconviction relief proceeding." The court concluded Beery had failed to show he was entitled to postconviction relief. Beery now appeals the district court decision denying his third application for postconviction relief.

## II. Standard of Review.

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III. Merits.

**A.** Beery asserts he received ineffective assistance because his defense counsel did not call Milani to testify at his criminal trial. He claims Milani could

have supported his assertion that he acted in self-defense. Milani did not appear at the trial; instead, her video interview with police officers and a transcript of the video were presented. Beery claims he discovered in 2012, during the hearing for his second postconviction action, defense counsel's reasons for not calling Milani as a witness.[1] He asserts his discovery of these reasons constitutes a ground of fact that could not have been previously raised.

Under section 822.3, an application for postconviction relief must be filed within three years from the date the writ of procedendo is issued if the applicant has filed a direct appeal. In this case, procedendo was issued on October 15, 1997, and Beery filed his third application for postconviction relief on June 11, 2013, more than fifteen years later.

There is an exception to the three-year time limit for a claim based upon "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. An applicant "must also show a nexus between the asserted ground of fact and the challenged conviction." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). "[T]he ground of fact must be of the type that has the potential to qualify as material evidence for purposes of a substantive claim under section 822.2." *Id.* at 521.

Beery has not alleged a ground of fact that could not have been raised within the three-year time period. He was aware before his criminal trial that

---

[1] Defense counsel testified he became aware before the trial that Milani might not be a disinterested witness. He stated:

> I became aware that the jail personnel were in possession of a piece of videotape where the heretofore thought of disinterested person, Ms. Milani, had done things on videotape while sitting in a Jeep on the overpass by the jail that would certainly bring into question her neutrality in the case.

Milani might be called as a defense witness. He would have been aware during the trial that Milani was not called to testify in person and a video of her interview with officers was presented instead. He has not shown the evidence of the reason for this "could not have been discovered earlier than [it was] discovered in the exercise of due diligence." *See id.* Additionally, he has not shown that if Milani had appeared in person, her testimony would have been any different than it was in the video.

Beery's claim does not come within the exception in section 822.3, and his claim is barred because it was not brought within the three-year period for filing an application for postconviction relief.

**B.** In a pro se brief, Beery claims (1) the evidence of the reason defense counsel did not call Milani as a witness was material evidence under section 822.2, and (2) he received ineffective assistance because his defense counsel had a conflict of interest regarding witness Milani. Like Beery's other claim, these claims are untimely under section 822.3. *See Whitsel v. State*, 525 N.W.2d 860, 864-65 (Iowa 1994) (noting an applicant's "assertion of ineffective assistance of counsel does not save the application from being barred under section 822.3 because he knew of the underlying claim before it became time barred").

We affirm the decision of the district court denying Beery's third application for postconviction relief.

**AFFIRMED.**