# IN THE COURT OF APPEALS OF IOWA

No. 14-1626
Filed January 27, 2016

**RICHARD JOHN SIEMER JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Gregory W. Steensland, Judge.


An applicant appeals the district court's dismissal of his second application for postconviction relief. **AFFIRMED.**


Patrick A. Sondag of Sondag Law Office, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Martha E. Trout, Assistant Attorneys General, for appellee.


Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Richard Siemer was convicted of second-degree criminal mischief on July 6, 2011. He did not appeal his conviction but did file an application for postconviction relief (PCR) on April 9, 2012. After a reported trial, the district court denied Siemer's application, and Siemer appealed. Our court affirmed the denial on December 5, 2013. *See Siemer v. State*, No. 12-2248, 2013 WL 6405442, at *1 (Iowa Ct. App. Dec. 5, 2013) (concluding a factual basis existed to support the guilty plea).

Siemer filed a second application for PCR on August 6, 2014, challenging the effectiveness of his counsel in his first PCR application. Siemer also filed a request for appointment of counsel. Less than two weeks after the second PCR application was filed, the district court dismissed it sua sponte, finding Siemer was attempting to relitigate the prior PCR action, the issues were thoroughly presented at trial and on appeal in the prior PCR action, and the current application was meritless and frivolous on its face.

Siemer filed a resistance to the dismissal, and the court held a hearing on the motion. At the hearing, Siemer articulated that his claim was based on the lack of a factual basis to support his conviction for second-degree criminal mischief, and he also made passing reference that his rights under the Fourth Amendment were violated.[1] The State asserted summary dismissal was

---

[1] This claim under the Fourth Amendment was also contained within Siemer's second PCR application, stating:

> During the night of May 15, 2011, without probable cause from a 911 phone call and complaint . . . police were dispatched to Siemer['s] home at which they see the garage door and house door both open. Without a

appropriate in light of the fact Siemer was attempting to relitigate the claims from the prior PCR proceeding, noting it would have filed its own motion for summary dismissal had the court not done so sua sponte. The State also argued that the second PCR application was untimely, having been filed more than three years after the conviction became final. Siemer asserted in response that the three-year statute of limitations should begin to run not from when his conviction became final but from the issuance of procedendo from the appeal in his prior PCR application.

Following the hearing, the district court reaffirmed its dismissal of the second PCR application, asserting there was nothing new or different to change the outcome of the case, and therefore, the case was barred by res judicata and must be dismissed.

Siemer appeals claiming the court erred in summarily dismissing his case and he should have been appointed counsel for his second PCR application.[2]

---

warrant or being invited in police officers enter the home of Siemer, found him passed out on his bed, handcuff[ed] him, and took him to jail. No *Miranda* rights were read to Siemer. He spent the night in county corrections. [He saw a] judge [the] next day and was released on his own recognizance. The police did not obtain a warrant to enter Siemer[’s] home and seize him. This violates his Fourth Amendment, and counsel was ineffective for not asserting this issue on appeal. To enter a home without probable cause or a warrant violates due process to the 14th and 4th Amendment, and further to arrest a person without probable cause. *See State v. Blandon*, 829 N.W.2d 785 (Iowa 2013) *and Kirk v. Louisiana*, 536 U.S.635 (2002).

Because we do not have the first PCR record in this appeal, it is unclear whether this Fourth Amendment issue was previously raised or decided. It was not raised as part of the appeal from the first PCR action. *See Siemer*, 2013 WL 6405442, at *1.

[2] Siemer claims the court’s actions violated Iowa Code section 822.6 (2013), which requires the court to give the PCR applicant notice and an opportunity to be heard before dismissing the PCR application sua sponte. *See* Iowa Code § 822.6 (“When a court is satisfied, on the basis of the application, the answer or motion, and the record,

He asks that we reinstate his second PCR application and remand the matter for appointment of counsel and for further proceedings. The district court confined its decision to the issue of whether the second PCR application was barred by res judicata. However, we are unable to determine whether the second PCR application was properly dismissed on res judicata grounds because we do not have the record from the first PCR proceeding before us.

The State maintains the dismissal can be affirmed on the basis of the statute of limitations. The district court did not address the issue of the three-year statute of limitations in either of its orders of dismissal. While normally issues must be both raised and decided by the district court before we decide them on appeal, a successful party may save a district court's judgment based on grounds urged in the district court but not included in the court's ruling. *Hawkeye Foodservice Distribution, Inc. v. Iowa Educators Corp.*, 812 N.W.2d 600, 609–10 (Iowa 2012) ("We will consider an alternative ground raised in the district court and urged on appeal even though the district court has not had an opportunity to rule on the alternative ground.").

Siemer maintains the State waived its statute-of-limitations claim by failing to file an answer at the district court, which should have asserted the affirmative

---

that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for dismissal. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue."). Siemer filed a resistance to the district court's order of dismissal and was granted a hearing to voice his objections to the district court's decision to dismiss the proceeding. We thus conclude any error of the court in failing to grant a predismissal hearing is moot.

defense of the statute of limitations. Generally, the statute-of-limitations defense is an affirmative defense that must be asserted in a responsive pleading or it is deemed waived. *Davis v. State*, 443 N.W.2d 707, 708 (Iowa 1989). When the uncontroverted facts on the face of the petition show the action is barred, the statute-of-limitations defense can also be raised in a motion to dismiss. *Id.* Here, however, the State was not permitted an opportunity to file a responsive pleading to the second PCR application or to file a motion to dismiss because the district court dismissed the matter sua sponte before the State could take such action. *See* Iowa Code § 822.6 (providing the State is to file an answer or a motion within thirty days of the docketing of the PCR application). The State asserted the statute of limitations as a bar to Siemer's second PCR application at its first opportunity—the hearing in response to Siemer's resistance to the district court's dismissal order. *See State v. Milner*, 571 N.W.2d 7, 12 (Iowa 1997) (noting the defendant preserved his challenge to the constitutionality of the statute when he raised it "at the earliest available opportunity"). In addition, Siemer had the opportunity to respond to the State's statute-of-limitations argument. We thus conclude the State has not waived its statute-of-limitations affirmative defense.

Siemer's conviction for second-degree criminal mischief was final on July 6, 2011. The current application was not filed until August 6, 2014, a month beyond the three-year statute of limitations for PCR proceedings. *See* Iowa Code § 822.3 ("All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date

the writ of procedendo is issued."). There is an exception to the three-year bar for "a ground of fact or law that could not have been raised within the applicable time period." *Id.* Siemer maintains that the ineffectiveness of his first PCR counsel justifies the application of the exception to the three-year bar in this case. However, the supreme court has held that ineffective assistance of counsel does not qualify as a ground of fact or law that could not have been raised within the meaning of section 822.3. *See Whitsel v. State*, 525 N.W.2d 860, 864 (Iowa 1994) ("Ineffective assistance of counsel may constitute 'sufficient reason' for failure to raise an issue in an earlier trial or direct appeal. It does not, however, constitute a claim that 'could not have been raised within the applicable time period' under section 822.3.").

Because the second application for PCR was filed more than three years after his conviction became final and because the ineffective assistance of his first PCR counsel is not an exception to the three-year bar, we affirm the district court's dismissal of Siemer's second application for postconviction relief.[3]

**AFFIRMED.**

---

[3] In light of our conclusion that the second PCR application was properly dismissed on statute-of-limitations grounds, we likewise conclude the district court's failure to appoint counsel to represent Siemer in the second PCR application was not prejudicial, and thus does not require reversal. *See Fuhrmann v. State*, 433 N.W.2d 720, 722–23 (Iowa 1988) (noting that while it is strongly preferred for the court to prepare a written ruling demonstrating it exercised its discretion in response to an applicant's request for the appointment of counsel, such a failure does not require a reversal unless the failure to appoint counsel was prejudicial to the applicant).