# IN THE COURT OF APPEALS OF IOWA

No. 14-0737
Filed March 23, 2016

**WILLIE JAMES JEFFRIES, JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

Willie Jeffries appeals the district court's summary disposition of his sixth postconviction-relief action on the ground the application was untimely. **AFFIRMED.**

Eric W. Manning of Manning Law Office, P.L.L.C., Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Applicant Willie Jeffries appeals the district court's summary disposition of his sixth postconviction-relief (PCR) application. The district court concluded Jeffries's claims were time-barred by the applicable three-year statute of limitations, set forth in Iowa Code section 822.3 (2013), and it dismissed his application. We affirm.

After a jury trial in 1985, Jeffries was convicted of first-degree sexual abuse and sentenced to life without parole. This court affirmed his conviction. *See State v. Jeffries*, 417 N.W.2d 237, 240 (Iowa Ct. App. 1987). Procedendo issued on January 11, 1988. Jeffries then filed a petition for writ of habeas corpus in federal court, which was subsequently dismissed, and the dismissal was affirmed on appeal. *See Jeffries v. Nix*, 912 F.2d 982, 989 (8th Cir. 1990), *cert. denied*, 500 U.S. 930 (1991). His second petition for writ of habeas corpus met the same fate. *See Jeffries v. Nix*, No. 91-3782SI, 1992 WL 323471, at *1 (8th Cir. 1992).

Jeffries filed two PCR applications in 1995. They were consolidated and subsequently dismissed as being time-barred by the applicable statute of limitations. His appeal from the dismissal was dismissed, and procedendo was issued February 25, 2000. Jeffries filed his third PCR application in 2000, and while that application was pending, he filed a fourth PCR application. These applications were dismissed in 2004 as being time-barred. In 2007, Jeffries filed his fifth PCR application. That application was dismissed as being time-barred after the PCR court found the application was an attempt to relitigate issues

previously addressed in Jeffries's previous PCR actions. His appeal from this dismissal was dismissed, and procedendo issued on December 18, 2012.

Jeffries's present PCR application—his sixth—was filed September 26, 2013. He raised the following grounds for relief: (1) a sentence of life in prison is cruel and unusual punishment where the defendant received ineffective assistance of counsel on direct appeal and in prior PCR matters; (2) he had a "substantial amount of equity on his side," as the victim had just run off from a residential-treatment program and had a history of trading sex for drugs and suffered from delusions of sexual abuse—the fighting issue was consent; (3) the trial court refused to allow Jeffries to present evidence of a State witness who would testify the victim suffered from delusions of sexual abuse; (4) Jeffries was acting in self-defense when he struck the victim in the face; (5) counsel was ineffective for filing a federal-habeas-corpus action instead of filing for PCR in state court; (6) PCR counsel was ineffective in failing to advance claims that (a) the victim admitted having delusions before leaving the hospital, (b) no blood from Jeffries was found in the victim's vagina or anus, and (c) counsel should have investigated Dr. Edison's testimony that the victim suffered delusions of sex abuse; (7) subsequent PCR counsel was ineffective in failing to raise the above claims; (8) he was entitled to a private investigator; (9) there was newly discovered evidence; (10) the State failed to timely disclose a medical report from Dr. Edison that the victim suffered delusions of sexual abuse; (11) the trial court refused to allow said evidence under the state Rape Shield Law; and (12) "the correctness of the jury's verdict. [Jeffries] should have a chance to be heard and cross-examine witness." The State responded with a motion for summary

disposition and dismissal, arguing "Jeffries has essentially made the same arguments in the above-captioned case, as he has made in his numerous prior pleadings. These arguments are barred by the statute of limitations and there is no exception to that limitation that is applicable." Jeffries resisted, and after a hearing, the PCR court concluded:

> Like the courts that have considered this matter before, this court finds that all issues raised here have either been raised and addressed in prior actions or are time-barred by Iowa Code section 822.3. That section states that [PCR] actions must be filed within three years of conviction or procedendo issues, unless there is a ground of fact or law that could not have been raised within the applicable time period. Iowa Code § 822.3. All of [Jeffries's] claims are barred under this statute.

On appeal, Jeffries makes several complaints. We review a district court's ruling finding a PCR application was untimely for correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519-20 (Iowa 2003). "[W]e will affirm if the [PCR] court's findings of fact are supported by substantial evidence and the law was correctly applied." *Id.* at 520.

Section 822.3 provides an application for PCR "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Procedendo was issued in Jeffries's direct appeal on January 11, 1988, and his sixth PCR application was filed on September 26, 2013. The application is thus untimely unless it comes within the exception for "a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3. Although Jeffries relies on this exception for his "self-defense" and "cruel and unusual punishment sentence" claims, we find his arguments to be so incredible we do

not repeat them here. His self-defense claim could have been raised within the applicable limitations period. It was not. It is therefore time-barred. The same can be said for his cruel-and-unusual-punishment-sentence claim. Furthermore, alleging his counsel were ineffective regarding the issue does not trigger the exception. *See Whitsel v. State*, 525 N.W.2d 860, 864 (Iowa 1994) ("Ineffective assistance of counsel may constitute 'sufficient reason' for failure to raise an issue in an earlier trial or direct appeal. It does not, however, constitute a claim that 'could not have been raised within the applicable time period' under section 822.3." (internal citation omitted)). His remaining PCR claims have been raised and rejected in previous actions. Therefore, we find no error in the district court's conclusion, "that all issues raised here have either been raised and addressed in prior actions or are time-barred by Iowa Code section 822.3." Jeffries's other arguments on appeal are without merit, and we need not address them here, though we note they too are time-barred. *See id.* at 864-85.

Accordingly, we affirm the decision of the district court summarily dismissing Jeffries's PCR application on the ground the application was untimely under section 822.3.

**AFFIRMED.**