# IN THE COURT OF APPEALS OF IOWA

No. 16-1875
Filed June 6, 2018

**FERNANDO SANDOVAL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Fernando Sandoval appeals the summary dismissal of his third postconviction-relief application. **AFFIRMED.**

Susan R. Stockdale, Windsor Heights, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

In December 2004, a jury found Fernando Sandoval guilty of two counts of first-degree murder and two counts of attempted murder in relation to shootings occurring outside of a bar. This court affirmed his convictions on direct appeal, *State v. Sandoval*, No. 05-0426, 2006 WL 3018152 (Iowa Ct. App. Oct. 25, 2006), and procedendo issued in late 2006. Sandoval filed his first postconviction-relief (PCR) application in June 2007. That application was denied in December 2008. The supreme court dismissed Sandoval's subsequent appeal as frivolous. *See* Iowa R. App. P. 6.1005. Sandoval filed his second PCR application in May 2012. This court subsequently affirmed the district court's summary dismissal of Sandoval's second application. *Sandoval v. State*, No. 14-0341, 2015 WL 1849404 (Iowa Ct. App. Apr. 22, 2015).

Sandoval filed the present PCR application in January 2016, more than nine years after procedendo issued in his direct appeal. His application was based upon, among other things, newly-discovered evidence, and was accompanied by an affidavit authored by his cousin, Remberto Hernandez-Virula. In his affidavit, Hernandez-Virula generally stated Sandoval was inside the bar with him when shots were fired outside and someone other than Sandoval was the shooter.

The State moved for summary dismissal on statute-of-limitations grounds, contending the allegedly new evidence was available to Sandoval at trial and therefore did not serve as an exception to the statute of limitations. The district court agreed with the State, concluding Sandoval "cannot make a claim of newly discovered evidence through a witness he has known about since the events occurred," and granted the State's motion for summary dismissal.

Sandoval appeals, contending the district court erred in dismissing his claim concerning newly-discovered evidence.[1]  Our review is for correction of errors at law.  *Belk v. State*, 905 N.W.2d 185, 188 (Iowa 2017).

PCR applications "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."  Iowa Code § 822.3 (2016).  "However, this limitation does not apply to a ground of fact . . . that could not have been raised within the applicable time period."  *Id.*  Indeed, "[n]ewly discovered evidence would constitute a 'ground of fact' under the statute."  *Whitsel v. State*, 525 N.W.2d 860, 863 (Iowa 1994) (quoting *State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989)).  However, Sandoval makes no argument that the evidence "could not have been raised within the applicable time period," which is a requirement for the exception to apply.  *See* Iowa Code § 822.3.  And how could he?  The substance of the alleged newly-discovered evidence itself—that Sandoval could not have committed the crimes because he was inside the bar with Hernandez-Virula at the time of the shootings—reveals that, if true, Sandoval was aware of Hernandez-Virula as a potential alibi witness.  As such, the ground of fact could have been raised at trial and, thereafter, within the three-year statute-of-limitations period.  The evidence therefore does not fall within the exception to the statute of limitations.  *See id.*; *see also Whitsel*, 525 N.W.2d at 863 (noting the proponent of

---

[1] In his application and amended application, Sandoval also raised a number of other claims.  He only challenges the summary dismissal of his newly-discovered-evidence claim.

a newly-discovered-evidence claim must show "that the evidence was discovered after the verdict").

Sandoval's PCR application was filed more than three years after procedendo issued in his direct appeal and the ground-of-fact exception does not apply to except him from the statute of limitations. The State was therefore entitled to judgment as a matter of law. We affirm the district court's summary dismissal of Sandoval's PCR application.[2]

**AFFIRMED.**

---

[2] In his pro-se materials, Sandoval also contends he was denied the right to a writ of habeas corpus under article I, section 13 of the Iowa Constitution. Sandoval filed a PCR application, not a petition for a writ of habeas corpus. *Compare* Iowa Code § 822.2 (delineating grounds for PCR), *with id.* § 663.1 (stating grounds for habeas corpus). In any event, Sandoval, as a "person convicted of, or sentenced for, a public offense," is not entitled to habeas corpus relief. *See id.* § 822.1. Furthermore, the habeas corpus issue is not preserved for our review, as it was not raised in the district court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").