# IN THE COURT OF APPEALS OF IOWA

No. 20-0429
Filed December 15, 2021

**JORGE PEREZ-CASTILLO,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister,

Judge.

Jorge Perez-Castillo appeals the summary dismissal of his second

application for postconviction relief. **AFFIRMED.**

Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for

appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum (until withdrawal)

and Kevin Cmelik, Assistant Attorneys General, for appellee.

Considered by Bower, C.J., Schumacher, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**DOYLE, Senior Judge.**

In December 2004, a jury found Jorge Perez-Castillo guilty of two counts of first-degree murder and two counts of attempted murder in relation to shootings that occurred outside of a bar and the ensuing police chase and shootout. *State v. Perez-Castillo*, No. 05-0362, 2006 WL 2419143, at *1 (Iowa Ct. App. Aug. 23, 2006). Perez-Castillo appealed asserting his trial counsel was ineffective in several ways. *Id.* at *2. This court affirmed Perez-Castillo's convictions and preserved two of his ineffective-assistance-of-counsel claims for a possible postconviction-relief (PCR) proceeding. *Id.* at *6. Procedendo issued in November 2006. In June 2007, Perez-Castillo filed his first PCR application. *Perez-Castillo v. State*, No. 13-1557, 2017 WL 1405907, at *1 (Iowa Ct. App. Apr. 19, 2017). This court affirmed the denial of his application. *Id.* at *2.

Perez-Castillo filed the present PCR application in January 2016, more than nine years after procedendo issued in his direct appeal. His application was based on, among other things, newly discovered evidence, and included an affidavit written by his cousin, Remberto Hernandez-Virula. In his affidavit, Hernandez-Virula stated someone other than Perez-Castillo was the shooter.[1]

The State moved for summary judgment on statute-of-limitation grounds, contending the allegedly new evidence was available to Perez-Castillo at trial and therefore did not serve as an exception to the statute of limitations. The PCR court agreed with the State, concluding the record established it was "clear" Perez-

---

[1] We note that the affidavit relates only to the shots fired at the bar. Hernandez-Virula was not a witness to shots fired at a police officer during a high-speed chase and shoot-out after Perez-Castillo left the bar. Perez-Castillo's conviction of one count of attempted murder was based on the shots fired at a police officer.

Castillo "had knowledge of the information he now claims is newly discovered at the time of his underlying trial." Having "failed to establish an exception to the statute of limitations," the court held Perez-Castillo's PCR action was time-barred. Perez-Castillo appeals.

PCR applications "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2016). Perez-Castillo's PCR action was filed over nine years after procedendo issued. "However, this limitation does not apply to a ground of fact . . . that could not have been raised within the applicable time period." *Id.* Indeed, "[n]ewly discovered evidence would constitute a 'ground of fact' under the statute." *Whitsel v. State*, 525 N.W.2d 860, 863 (Iowa 1994). But Perez-Castillo makes no argument on appeal that the evidence "could not have been raised within the applicable time period," which is a requirement for the exception to apply. *See* Iowa Code § 822.3. In any event, after our review of the record, we agree with the PCR court that Perez-Castillo was aware of Hernandez-Virula as a potential alibi witness at the time of his underlying trial. Thus, the ground of fact could have been raised at trial and, afterward, within the three-year statute of limitations period. So the evidence does not fall within the exception to the statute of limitations. *See id.*; *see also Whitsel*, 525 N.W.2d at 863 (noting the proponent of a newly-discovered-evidence claim must show "that the evidence was discovered after the verdict"). The action was time-barred under section 822.3.

In trying to side-step this impediment, Perez-Castillo advances a new argument on appeal. He now claims his PCR petition "was, in actuality, a motion

to correct an illegal sentence and the three-year statute of limitations does not apply," and therefore

> it was error for the district court to analyze [his] application . . . solely on the grounds of whether the three-year statute of limitations applied and whether Mr. Castillo's claim is one that could not have been raised within the applicable three-year period pursuant to Iowa Code [s]ection 822.3.

Citing Iowa Rule of Criminal Procedure 2.24(5)(a), *State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009), and *Schmidt v. State*, 909 N.W.2d 778, 794 (Iowa 2018), Perez-Castillo reasons: (1) he is actually innocent, (2) punishment of an innocent person is cruel and inhuman, (3) imposition of cruel and unusual punishment is an illegal sentence, (4) a claim that a sentence is illegal may be raised at any time, and therefore, the section 822.3 three-year statute of limitations does not apply. Sidestepping any error preservation or other issues, we conclude that Perez-Castillo's argument fails.

It is true our supreme court recently recognized a freestanding actual-innocence PCR claim in *Schmidt*. And this court has stated, "'*Schmidt* is a new ground of law' sufficient to avoid the time bar of section 822.3." *Quinn v. State*, 954 N.W.2d 75, 76 (Iowa Ct. App. 2020) (citations omitted). But

> *Schmidt* does not apply to overcome the statute of limitations where the evidence put forward to support a claim of actual innocence was available to the applicant or could have been discovered with due diligence within the limitations period. *See, e.g.*, *Fischer v. State*, No. 18-0450, 2019 WL 1473066, at *2 (Iowa Ct. App. Apr. 3, 2019); *Bryant v. State*, No. 18-1038, 2019 WL 1300439, at *2 (Iowa Ct. App. Mar. 20, 2019), *further review denied* (May 16, 2019); *see also Brewbaker v. State*, No. 18-1641, 2020 WL 5944205, at *2 (Iowa Ct. App. Oct. 7, 2020) (finding reliance on *Schmidt* misplaced because, "[u]nlike *Schmidt*, [the applicant's] actual-innocence claim is not based on a newly discovered fact that could not have been discovered within the three-year time frame"). The new-ground-of-fact analysis is a component of a claim of actual innocence based

upon alleged newly discovered evidence found after the three-year limitations period, and the ground-of-fact exception only overcomes the statute of limitations if it could not have been raised within the limitations period.

*Id.* at 77; s*ee also Dewberry v. State*, 941 N.W.2d 1, 5 (Iowa 2019). The record establishes Perez-Castillo's actual-innocence claim is not based on newly discovered evidence that could not have been discovered within the three-year time frame. Without newly discovered evidence, Perez-Castillo's actual-innocence claim fails as untimely. Without an actual-innocence claim, his illegal sentence claim fails as well. The district court did not err in concluding Perez-Castillo's PCR action was time-barred as a matter of law.

**AFFIRMED.**