# IN THE COURT OF APPEALS OF IOWA

No. 22-0040
Filed January 25, 2023

**JESSE EDWARD BROWN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Jeffrey D. Bert, Judge.

Applicant appeals the summary dismissal of his fifth application for postconviction relief. **AFFIRMED**.

Agnes G. Warutere of Warutere Law Firm, P.L.L.C., Ankeny, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., Ahlers, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**BLANE, Senior Judge.**

Jesse Edward Brown appeals the district court's grant of the State's motion for summary dismissal of his fifth postconviction-relief (PCR) application. In this appeal, he raises two issues. First, he claims that trial counsel was ineffective for failing to challenge for cause two potential jurors and that this claim is not time-barred as the Iowa Supreme Court decision in *State v. Jonas*[1] establishes a change in the law since his conviction. Second, Brown claims he should be allowed to pursue his claim of newly discovered evidence. Upon our review we affirm.

## I. Background facts and procedure.

In a prior opinion by our court, we briefly set out the facts giving rise to Brown's convictions:

> In January 2007, Jesse Brown was charged with first-degree kidnapping and sexual abuse after he forced his estranged wife [M.B.] and [her children and mother] into [M.B.'s] vehicle and ordered her, at knife point, to drive around. They eventually ended up at a motel, where Jesse had sexual intercourse with [M.B.]

*Brown v. State*, No. 14-1646, 2016 WL 351459, at *1 (Iowa Ct. App. Jan. 27, 2016). Police arrested Brown as he left the motel.

On August 16, 2007, a jury found Brown guilty of kidnapping in the first degree and sexual abuse in the second degree. He appealed, our court affirmed the convictions,[2] and the Iowa Supreme Court denied further review. Procedendo issued February 27, 2009. Before this PCR application, Brown filed four previous applications. Each was resolved adverse to Brown or voluntarily dismissed.

---

[1] 904 N.W.2d 566 (Iowa 2017).
[2] *State v. Brown*, No 07-1479, 2008 WL 5235495 (Iowa Ct. App. Dec. 17, 2008).

Specific issues and their resolutions in those prior proceedings will be discussed where appropriate.

Brown filed the current PCR action on October 18, 2019.[3] The amended application raised seven issues. On November 8, 2021, the State filed its motion for summary dismissal. Brown resisted. The court held a hearing on the motion on December 3, 2021, and issued its ruling on the State's motion for summary dismissal on January 3, 2022, which specifically addressed each of Brown's claims, granted the State's motion, and dismissed the PCR application. Brown now appeals the trial court's ruling as to two of the issues.

**II.      Standard of review.**

"We ordinarily review summary dispositions of PCR applications for corrections of errors at law. However, our review is de novo when the basis for [PCR] implicates a constitutional violation." *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019) (citations omitted).

**III.     Discussion.**

**A.  Challenge for cause of two potential jurors.**

Iowa Code section 822.3 (2019) requires PCR applications "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." There is an exception to that three-year statute of limitations for "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3; *see Thongvanh*

---

[3] Brown was self-represented when he filed the initial PCR application. His counsel then filed an amended application on June 5, 2020.

*v. State*, 938 N.W.2d 2, 8–9 (Iowa 2020). In his re-casted PCR application Brown asserted this claim fit within the exception.

> Brown received ineffective assistance of trial counsel when trial counsel failed to move to strike for cause two jurors that he ultimately used peremptory strikes on. The Iowa [S]upreme [C]ourt's reasoning in S*tate v. Jonas*, . . . requires a new evaluation of this issue and is a ground of law that Brown could not have raised during the pendency of [his criminal proceeding] and the appeal therein or in his prior PCR proceedings . . . .

The State's motion for summary dismissal contended: "This issue was specifically decided on direct appeal of the criminal case . . . . That ruling is law of the case. The claim is barred from being re-litigated by the rule of res judicata. In addition, this claim would be barred by the statute of limitations."

The PCR court found that Brown's claim was barred for three reasons. First, siding with the State's argument, the court held the issue was addressed on direct appeal and was barred by res judicata, stating: "The opinion in *Brown* indicates defense counsel passed the jury for cause and used peremptory challenges to strike two jurors who 'answered questions in ways that could be interpreted to mean they could not judge the defendant impartially.'" A review of the *Brown* appeal opinion shows our court identified one of the issues in that appeal: "[Brown] further contends defense counsel was ineffective in not striking two potential jurors for cause." *Brown*, 2008 WL 5235495, at *1. We concluded: "The appellant has not claimed or shown that any of the jurors actually seated were biased. He has not demonstrated prejudice. This claim of ineffective assistance fails." *Id.* at *2. Brown's attempt to raise it again is barred by res judicata.

Next, the PCR court found that our court had already determined that *Jonas* did not create a new ground of law so as to trigger the exception in section 822.3.

Citing our unpublished opinion in *Jandreau v. State*, the court stated: "While it is true that [Brown] did not previously raise this claim in a [PCR] application, this is irrelevant as *Jonas* did not create a new law that would allow [him] to bypass the three-year statute of limitations on PCRs." *See* No. 19-1323, 2020 WL 7868235, at *3 (Iowa Ct. App. Dec. 16, 2020) (holding *Jonas* did not create new law so as to make the exception to section 822.3 applicable).[4]

Finally, the PCR court noted that to establish ineffective assistance of counsel, Brown "must establish both deficient performance and prejudice." *See* *State v. Clay*, 824 N.W.2d 488, 494–95 (Iowa 2012). Since on direct appeal, the court of appeals had already found that Brown's counsel used peremptory strikes to eliminate the two objectionable jurors, Brown could not establish the prejudice prong and his claim was likewise subject to dismissal.

To circumvent the district court's ruling, Brown argues in this appeal that we need to re-examine and reverse our *Jandreau* opinion in light of constitutional parameters of due process. He cites two Tennessee cases which held that even where an applicable PCR statute of limitations is not tolled by a statutory exception contained within it, due process nonetheless may require the tolling of the limitation period. *See Williams v. State*, 44 S.W.3d 464, 470–71 (Tenn. 2001) (holding that where an attorney may have misrepresented willingness to represent a defendant on a second appeal, due process considerations could toll the statute of limitations

---

[4] After the filing of the district court ruling, our court has also held, "[An applicant] could only take advantage of *Jonas* if it applies retroactively. And 'new rules of procedure generally do not apply retroactively.' So [the applicant] cannot benefit from *Jonas*, a case about the procedures governing jury selection and related appeals." *Velazquez-Ramirez v. State*, 973 N.W.2d 598, 600 (Iowa Ct. App. 2022) (citation omitted).

for filing an application for postconviction relief); *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000).[5]

We have scoured the record made before the PCR court and cannot find where Brown raised a constitutional challenge to section 822.3's statute of limitation or exception based on a constitutional denial of access to the court. Our supreme court recently considered this situation in *Sandoval v. State*:

> Sandoval . . . contends constitutional principles of equal protection and due process require that he be allowed to pursue his untimely fourth application for [PCR] notwithstanding the statute of limitations. Sandoval failed to raise these issues in the district court, and the district court did not rule on these constitutional challenges. These challenges are thus not preserved for appellate review, and we will not consider them for the first time on appeal.

975 N.W.2d 434, 438 (Iowa 2022) (citations omitted). This holding prevents us from considering Brown's attempted constitutional end run of the statute of limitations in section 822.3. And we see no basis to reconsider our opinion in *Jandreau*.

Upon our de novo review of the record, we find all three bases in the district court ruling for summary dismissal of Brown's claim of ineffective assistance of counsel related to juror challenges were supported by the record and law. Consequently, we find no error in the district court's conclusions and dismissal of this claim.

---

[5] Brown also cites to one of our court's cases where we assumed without deciding that the time for filing an application for PCR provided by Iowa Code section 822.3 could be tolled by a constitutional denial of the right to access the courts. *See Myers v. State*, No. 01-1214, 2005 WL 1981518, at *2–3 (Iowa Ct. App. Aug. 17, 2005). That case was based upon Myers' claim that his PCR application was not timely filed due to delays caused by the prison, which affected his constitutional right to access to the courts. Factually it is not applicable here.

### B. Claim of newly discovered evidence.

Brown's application asserts he has newly discovered evidence that could not have been reasonably discovered before his trial. In January 2007, Officer Chris Wolfe briefly talked to M.B. during the criminal investigation and urged her to go to the hospital for a sexual assault exam. Officer Wolfe did not testify at trial. Nine years later—in 2016—an Illinois human services department report contained a statement that Wolfe purchased a trailer for $6000 for M.B. and her children to reside in. As the district court characterized: "Brown alleges that this fact could suggest that there was a relationship between Wolfe and [M.B.] which provides motive for [her] to fabricate or exaggerate her allegations against Brown." Brown concludes that he could use this evidence to impeach M.B.

> To support such motion the proponent of the "newly discovered" evidence must show:
> (1) that the evidence was discovered after the verdict;
> (2) that it could not have been discovered earlier in the exercise of due diligence;
> (3) that the evidence is material to the issue in the case and not merely cumulative or impeaching; and
> (4) that the evidence probably would have changed the result of the trial.

*Whitsel v. State*, 525 N.W.2d 860, 863 (Iowa 1994) (quoting *Jones v. State*, 479 N.W.2d 265, 274 (Iowa 1991)).

We agree with the district court that Brown's newly discovered evidence does not establish that Wolfe and M.B. had any sort of a relationship back in 2007. Further, the newly discovered evidence, according to Brown, is to be used solely for impeachment. However, to qualify as a new fact under section 822.3 and an exception to the three-year statute of limitation, newly discovered evidence must

not be "merely . . . impeaching."  *Jones*, 479 N.W.2d at 274.  Brown's newly discovered evidence does not qualify for the extended limitation period.  The district court did not err in granting the State's motion for summary dismissal on this claim.

**AFFIRMED.**