# IN THE COURT OF APPEALS OF IOWA

No. 24-1134
Filed August 6, 2025

**JOSEPH P. SOBOLIK,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Patrick A. McElyea, Judge.


        Joseph Sobolik appeals the summary dismissal of his application for postconviction relief.  **AFFIRMED.**


        Ryan J. Mitchell of Orsborn, Mitchell & Goedken, P.C., Ottumwa, for appellant.

        Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.


        Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

Joseph Sobolik appeals the summary dismissal of his application for postconviction relief (PCR), claiming the court erred in denying his claim that "the State's destruction of [DNA] evidence was done by bad faith and required a new trial." Upon our de novo review,[1] we affirm the court's dismissal of Sobolik's PCR application.

In 1988, Sobolik was arrested and charged with one count of first-degree kidnapping, two counts of second-degree sexual abuse, and one count of first-degree robbery following his forceful concealment, sexual assaults, and theft of a female employee working at a dog grooming business in downtown Davenport. Sobolik was found walking nearby shortly after police were dispatched to the scene of the crime. He had the employee's keys and money in his possession. The employee's hair, which Sobolik had shaved from her head and pubic area during the incident, was stuck to his clothing. Sobolik was arrested and interviewed by police, during which he provided a detailed confession of the crime. Following trial in early 1989, a Scott County jury found Sobolik guilty as charged.

Sobolik filed this PCR application in 2023, followed by several amended applications through counsel. Sobolik also filed an application for postconviction DNA testing under Iowa Code section 81.10 (2023), requesting testing of "[a]ll items submitted notated in Case Assignment Record as Laboratory Designation A–U," including the employee's sexual-abuse assault kit; Sobolik's saliva, blood,

---

[1] Although we "ordinarily review summary dispositions of PCR applications for correction of errors at law," our review is de novo when the PCR claim "implicates a constitutional violation." *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

and hair; a "blue Kleenex"; an apron and "masking tape from apron"; hair samples from the floor of the dog grooming business; and assorted clothing, undergarments, and shoes of Sobolik and the employee. The State requested the court dismiss Sobolik's application for DNA testing, noting in part:

> [T]he undersigned made an inquiry to the Davenport Police Department Evidence Department about the evidence related to this case. Robin Murty of the DPD made a diligent inquiry into the whereabouts of the items. Now, some 35 years later, none of the items could be located in any of the currently used storage areas. It is believed all items were disposed of or destroyed prior to May of 2006. This belief is based upon the evidence cards for this case being located on microfiche storage. . . . In this case, the microfiche record indicates it was created in 2006.

The State also moved to dismiss Sobolik's PCR application.

The matter proceeded to a hearing on the State's motion for summary dismissal, during which Sobolik argued a material fact issue existed on whether the State's "destruction" of DNA evidence was in bad faith and violated his right to due process where such evidence was potentially useful. Sobolik claimed he needed additional time to investigate the issue of the destruction of evidence. The State resisted, arguing Sobolik's "case is 35 years old" and well outside the statute of limitations. *See* Iowa Code § 822.3 (setting forth a three-year statute of limitations for PCR applications).

The State further maintained that even if it had the evidence at issue, Sobolik "wouldn't be entitled to DNA testing because identity was not an issue at trial"; "he confessed." *See generally id.* § 81.11(1)(c)–(e) (requiring the court to grant an application for DNA testing if "[t]he identity of the person who committed the crime for which the defendant was convicted was a significant issue in the crime for which the defendant was convicted"; the DNA evidence "is material to,

and not merely cumulative or impeaching of, evidence included in the trial record"; and "[t]he DNA profiling results would raise a reasonable probability that the defendant would not have been convicted if such results had been introduced at trial").

Following the hearing, the court entered an order rejecting Sobolik's claim and dismissing his PCR application, noting in part:

> Petitioner's case is remarkably similar to *Whitsel* [*v. State*, 525 N.W.2d 860 (Iowa 1994)]. The evidence against Petitioner at trial was "so strong at trial that even favorable DNA results would not likely change the outcome of the trial." The evidence against Petitioner could be characterized as overwhelming, and at no point during the trial did Petitioner argue that he did not commit the acts he was accused of. Rather, Petitioner raised a diminished responsibility defense, claiming he lacked the requisite specific intent.

(Internal citations omitted.)

On appeal, Sobolik challenges the dismissal of his PCR application, claiming he "should have been allowed to be investigate the destruction of evidence even though it is now beyond the statute of limitations set forth in Iowa Code section 822.3." Sobolik maintains, "If the evidence gathered from the crime would have been available for DNA testing it would prove [his] innocence." We disagree. We have reviewed the record from Sobolik's underlying criminal proceeding and the transcript from Sobolik's 1989 trial. We concur with the district court's conclusion that Sobolik's identity was not an issue in that proceeding and Sobolik "did not deny his actions." *See, e.g., State v. Enderle*, No. 20-0308, 2021 WL 210763, at *3 (Iowa Ct. App. Jan. 21, 2021) (noting the defendant "did not show there was a reasonable probability he would not have been convicted if the results of the requested DNA testing had been produced at his criminal trial"). And

Sobolik's "detailed confession closely resembled the victim's account of the assault[s]." *Whitsel*, 525 N.W.2d at 863–64 (rejecting the applicant's claim of "proposed 'newly discovered evidence'" where the "evidence against [him] is so strong that even favorable DNA results would not likely change the outcome of the trial"). Indeed, during trial, defense counsel stated, "it's true that at the outset of this case I told the jury that we weren't denying Joe took the money from this business and Joe forced this lady to have oral sex against her will."

Accordingly, there is no "genuine issue of material fact" relating to the "destruction of evidence," as Sobolik contends. *See, e.g.*, *Smith v. State*, No. 21-1856, 2023 WL 2397049, at *2 (Iowa Ct. App. Mar. 8, 2023) ("Smith cannot show how DNA evidence would have changed the outcome of his trial."); *Brodene v. State*, No. 11-0837, 2012 WL 5356036, at *4 (Iowa Ct. App. Oct. 31, 2012) ("Here, the evidence against Brodene was so strong that even if the evidence was tested for DNA and its results are as Brodene hopes, those results would not change the outcome of the trial."). We affirm the dismissal of Sobolik's PCR application.

**AFFIRMED.**