Jesse Ellsworth WHITSEL,
Petitioner–Appellant,

v.

STATE of Iowa, Respondent–Appellee.

No. 86–1693.

Court of Appeals of Iowa.

Feb. 23, 1989.

Thomas M. Gillespie, Cedar Rapids, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and Mary Vavroch, Asst. Linn County Atty., for respondent-appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

The defendant, Jesse Ellsworth Whitsel, appeals from the district court's dismissal of his application for postconviction relief under Chapter 663A of the Code. We affirm.

The appellant was arrested on November 24, 1981, and charged with first-degree kidnapping and second-degree sexual abuse. Trial to a jury began on February 1, 1985, and concluded on February 9, 1985, at which time the jury found the appellant guilty. Judgment of guilt was entered on the kidnapping charge, and the defendant was sentenced to life imprisonment. He then appealed.

In his direct appeal, he raised several grounds for reversal. Included was a claim that he was denied effective assistance of trial counsel. The judgment on the jury verdict was affirmed on appeal by the supreme court. *State v. Whitsel*, 339 N.W. 2d 149 (Iowa 1983). The supreme court, however, declined to consider the ineffective assistance of counsel claim and reserved that for postconviction relief application.

In this postconviction relief action, Mr. Whitsel alleges numerous grounds. Generally, he claims 1) he did not receive a fair trial due to ineffective assistance of counsel (under this division he sets forth seven subparagraphs which contain assertions supporting this claim); 2) the State was guilty of prosecutorial misconduct; and 3) his confession was obtained as a result of an illegal arrest and that failure to raise this objection during the course of the trial constitutes ineffective assistance of counsel as well. We affirm the decision of the postconviction court.

Turning first to defendant's claim of ineffective counsel, in order to prevail on that claim, defendant must show by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Hall v. State*, 360 N.W.2d 836, 838 (Iowa 1985); *White v. State*, 380 N.W.2d 1, 3 (Iowa App.1985). If, however, the petitioner makes an insufficient showing on either prong of the two-part test, we need not address both components. *Id.*

In deciding the first prong, we require more than that the trial strategy backfired or that another attorney would have prepared and tried the case somewhat differently. *Fryer v. State*, 325 N.W.2d 400, 413–15 (Iowa 1982). The petitioner must overcome a strong presumption of counsel's competency. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065–66, 80 L.Ed.2d 674, 793–94. An affirmative factual basis demonstrating the alleged inadequacy of representation needs to be set forth. *Hinkle v. State*, 290 N.W. 2d 28, 30 (Iowa 1980). Defendant is not entitled to perfect representation, only that which is in the normal range of competency. *State v. Halstead*, 362 N.W.2d 504, 508 (Iowa 1985). In evaluating ineffective assistance claims, it is axiomatic that the fact that the defense was not successful

does not mean that counsel was ineffective. *Hall,* 360 N.W.2d at 838. The ultimate test is whether under the entire record and totality of the circumstances counsel's performance was within the range of normal competency. *Meier v. State,* 337 N.W.2d 204, 206 (Iowa 1983); *Henderson v. Scurr,* 313 N.W.2d 522, 524 (Iowa 1981).

The United States Supreme Court set forth in *Strickland* the standard by which counsel's performance is to be judged. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. Concerning counsel's method of investigation of a particular case, the *Strickland* court opined that:

Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonably precise to the extent that reasonable professional judgments support the limitations on investigation.

*Id.* at 690–91, 104 S.Ct. at 2066, 80 L.Ed.2d at 695.

The court further reasoned that:

In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Id.* at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695.

The *Strickland* court recognized that usually counsel's actions are based on strategic choices made by the defendant and on information supplied by the defendant. *Id.* Consistent with this view, the Iowa Supreme Court has recognized that the duty to investigate and prepare a defense is not limitless. *Schrier v. State,* 347 N.W.2d 657, 662 (Iowa 1984).

When deciding the second component of a claim of ineffective assistance, we have required the person making the claim to show that counsel's failure to perform an essential duty worked to the client's actual and substantial disadvantage, thereby constituting "a denial of the accused's due process right to a fair trial, a fundamental miscarriage of justice, or an equivalent constitutional deprivation." *State v. Miles,* 344 N.W.2d 231, 234 (Iowa 1984). The crux of the prejudice component rests on whether the defendant has shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2069, 80 L.Ed. at 698. In addition, "If it is easier to dispose of an ineffectiveness claim on the lack of sufficient prejudice ... that course should be followed." *Id.* at 697, 104 S.Ct. at 2069.

■ Postconviction proceedings are inappropriate for presentation of issues not properly preserved and raised in prior proceedings.

Iowa Code section 663A.8 (1987) provides:

*All* grounds for relief available to an applicant under this chapter *must* be raised in the application's original, supplemental or amended application. *Any* ground finally adjudicated *or not raised, or knowingly, voluntarily, and intelligently waived* in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, *may not* be the basis for a subsequent application, unless the court finds a ground for relief asserted which for *sufficient reason* was not asserted or was inadequately raised in the original, supplemental or amended application.

(Emphasis added).

As the court in *Washington v. Scurr* noted:

Postconviction relief is not a means for relitigating claims that were or should have been properly presented at trial or on direct appeal. § 663A.2. Any claim not properly raised at trial or on direct appeal may not be litigated in postconviction unless there is sufficient reason for not properly raising it previously.

*Washington v. Scurr,* 304 N.W.2d 231, 234 (Iowa 1981); *see also Polly v. State,* 355

N.W.2d 849, 854–56 (Iowa 1984); *Wenman v. State*, 327 N.W.2d 216, 217–18 (Iowa 1982).

This then brings us to appellant's counsel's contention that all previous attorneys rendered ineffective assistance for they failed to raise at trial, on direct appeal, and in earlier postconviction proceedings the legality of the defendant's arrest. Appellant's counsel for the first time on appeal raises this issue by contending that no probable cause existed for the arrest of the defendant, and consequently the inculpatory confession he gave should have been suppressed.

The only way the defendant can obtain review of this claim is to prove by a preponderance of the evidence "sufficient reason" or cause for not having raised the issue in the trial court or on direct appeal. *Hinkle v. State*, 290 N.W.2d 28, 31 (Iowa 1980). The defendant must also show by a preponderance of the evidence actual prejudice resulting from the alleged errors. *Polly v. State*, 355 N.W.2d at 856.

We are not completely satisfied the defendant has demonstrated sufficient reason for his failure to earlier raise this claim. We note, however, that under his claim of ineffective assistance of counsel, we must determine if the defendant was prejudiced. For that reason, we will also review this part of appellant's claim.

■ We find no merit in this contention. The defendant's confession to the kidnapping and sexual abuse of the victim followed his arrest for sexual assault against another woman. The defendant's wife had found evidence of that assault at her home, informed law enforcement authorities about it, then signed a waiver that allowed them to search the house. The law enforcement agents, at the time of their search, found the evidence of the sexual assault on the other women.

After seizing this evidence, the officer arrested the defendant, and it was during a subsequent interview about the sexual assault that he confessed to the kidnapping and sexual abuse of the victim in this case.

We disagree with defendant's contention that his "confession was illegally obtained and therefore inadmissible." We conclude his statement is voluntary for fifth amendment purposes and disagree with his contention that it is inadmissible under the fourth amendment.

We also disagree with defendant's argument that he was held without probable cause. Our supreme court in *State v. Harvey*, 242 N.W.2d 330 (Iowa 1976), quoted with approval the following from *Draper v. United States*, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327, 332:

> " 'In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' . . . . [citing authority]. Probable cause exists where 'the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' and offense has been or is being committed. . . . . [citing authorities]." The foregoing quotation is repeated in *State v. Morris*, 227 N.W.2d 150, 152 (Iowa 1975).
>
> Although "probable cause implies that the information which has come either directly or indirectly to the arresting officers' knowledge must rise about the mere suspicion of criminal activity, it at the same time need not be tantamount to that quantum of proof which would sustain a conviction of guilt." *Clay v. United States*, 394 F.2d 281, 285 (8th Cir. 1968).

Whether probable cause exists to make an arrest turns upon the facts of the particular case. After a review and evaluation of the totality of the relevant circumstances in light of the principles of law pertinent thereto, we conclude that probable cause existed.

■ A number of the claims relating to ineffective assistance of counsel concern trial strategy, i.e. failure to admit a labo-

ratory report, failure to attend victim's deposition, failure to admit certain photos, failure to place in evidence certain carpeting. The trial court covered each of these circumstances and determined that counsel's performance was well within the range of normal competency. We agree and adopt the trial court's conclusions insofar as they are pertinent to this part of defendant's claim.

We concur that defense counsel has a duty to investigate and prepare for trial. The standard by which counsel's performance is to be judged is set forth in *Strickland*. We have considered counsel's performance in light of the *Strickland* standard and find that counsel exercised his duty to make reasonable investigation. We also find, after review of the entire record, that counsel exercised his duty to adequately and properly prepare his case.

In addition, we have examined the entire record as it relates to appellant counsel's assertions of ineffective counsel because (1) "Trial counsel failed to have petitioner present at victim's deposition"; (2) "Trial counsel failed to cross-examine on the sexual contact issue"; (3) "Trial counsel failed in his essential duty to request appointment of second attorney in a Class A felony"; (4) "Ineffectiveness of postconviction trial counsel"; and his other contentions, whether mentioned or not, and find each lacking in merit. In addition, we have reviewed the two issues set forth in defendant's pro se brief along with the underlying arguments and find them likewise to be without merit.

■ As it relates to the claim, "The State was guilty of Prosecutorial Misconduct," this matter was raised and addressed on direct appeal. The supreme court in its opinion stated: "We conclude that the State did not engage in misconduct and Whitsel was not prejudiced because the State did not suppress any material evidence." The defendant enlarges on his original argument by contending the State was guilty of prosecutorial misconduct (1) by the police officer's failure to retain certain photographs and (2) the State's delay in delivering a laboratory report to defen-

dant. We conclude from an examination of the record that there was not misconduct on the party of the prosecutor in either of the cited instances. It is true the laboratory report was late in its arrival, but it was made available to defense counsel prior to trial. Defense counsel, exercising his choice of trial strategy, opted not to use the report for it contained certain findings that may have been prejudicial to the defendant. We find the defendant was not prejudiced in either of the instances.

We conclude by stating that we have considered all of defendant's contentions, whether specifically discussed, and find no reversible error. Based on the totality of the circumstances, counsel's performance was within the range of normal competency.

We make one other observation. Regardless of the appellant's many claims as to ineffective assistance of counsel, we find no prejudice to the appellant because the evidence presented at his trial was overwhelming concerning his guilt. The Iowa Supreme Court, in reviewing his conviction, characterized the evidence against him as "extensive." *State v. Whitsel,* 339 N.W.2d at 157. The defendant confessed in detail to committing the crime. His confession parallels the victim's statement closely. In addition, he signed a waiver-of-rights form prior to tendering his confession. The defendant admitted upon cross-examination that he fully understood the importance of signing his confession. Further, in, as well as out, of court, the victim unequivocally identified Mr. Whitsel as the man who attacked her that evening. She described his voice, his clothes, and the pick up truck he used in transport. She testified that she had ample opportunity to observe his face at full view during commission of the crime. It is clear that the appellant suffered no prejudice as a result of his counsel's alleged ineffective assistance. *Strickland v. Washington,* 466 U.S. 688, 691, 104 S.Ct. 2052, 2058, 80 L.Ed.2d 674, 685 (1984).

We are satisfied that the defendant has failed to satisfy the second component of

his claim of ineffective assistance of counsel, i.e. lack of sufficient prejudice.

AFFIRMED.