STATE of Iowa, Appellee,

v.

**Johnnie Lee STALLINGS, Appellant.**

No. 94–987.

Supreme Court of Iowa.

Dec. 20, 1995.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and D. Raymond Walton, Assistant County Attorney, for appellee.

Considered by LARSON, P.J., and CARTER, NEUMAN, ANDREASEN and TERNUS, JJ.

ANDREASEN, Justice.

After a jury found the defendant guilty of willful injury, the court entered judgment and sentence upon the verdict. On appeal the defendant challenges the sufficiency of the evidence, the court's instruction on the use of deadly force, and the court's exclusion of expert witness testimony. We reverse and remand for retrial.

I. *Background.*

The State charged Johnnie Lee Stallings with willful injury, a class C felony, in violation of Iowa Code section 708.4 (1993), and with going armed with intent, a class D felony, in violation of Iowa Code section 708.8. The charges arose from an incident on July 28, 1993 in the Uptown Jazz and Blues Tavern in Waterloo, Iowa. It was alleged that Stallings shot Anthony C. Taylor with a .25 caliber handgun with intent to and did cause serious injury. Stallings gave notice he would rely on self-defense and that evidence of this defense would be presented through the testimony of witnesses listed by the State and the testimony of Dr. McCabe. *See* Iowa R.Crim.P. 10(11)(c).

The case was tried to a jury in January 1994. From the evidence presented it appears Stallings confronted Taylor on the dance floor in the tavern while Taylor was dancing with Stallings' common law wife, Carol Gully. Taylor testified Stallings told him he did not want him dancing with his woman. When Stallings got closer, Taylor hit him in the face with his fist. Taylor testified that Stallings had his hand in his pocket while confronting him on the dance floor and that he believed Stallings had a weapon in his pocket. Both Taylor and Stallings were restrained by bouncers and others in the bar and both were asked to leave the tavern. Taylor testified that as he was leaving Stallings came from behind a partition in the tavern and shot him.

Stallings testified he saw Taylor dancing with Gully. Stallings went on the dance floor to see if he could finish the dance with her. When Taylor said "no," Stallings replied "that's my wife." Taylor said, "you can't tell by me." Stallings turned to follow his wife at which point Taylor "blasted me," "hit me twice with his fist." As a result of the blows, he suffered a bloody nose and had difficulty "getting my bearings together." He walked

to the front door and went outside for twenty or thirty seconds but then came back into the tavern because he was afraid he would be "jumped again" by Taylor. After re-entering the tavern he saw Taylor trying to get at him through a crowd of people. Someone handed him a gun and when Taylor reached to grab him, he just turned and fired. Stallings testified he felt threatened by Taylor and was afraid for his life.

One shot struck Taylor in the chest collapsing a lung and a second shot struck the abdominal area causing injury to his liver, pancreas, kidney, and adrenal gland. Without treatment and surgery Taylor would have died. Taylor was treated and he survived.

The jury found Stallings guilty of willful injury and not guilty of going armed with intent. The court sentenced Stallings to a term not to exceed ten years. Because the jury found Stallings was armed with a firearm, the court ordered him to serve not less than five years, the mandatory minimum under Iowa Code section 902.7.

## II. *Sufficiency of Evidence.*

■■■ To prove the criminal charge of willful injury, the State must prove (1) the defendant shot Taylor on June 28, 1993, (2) the defendant specifically intended to cause a serious injury to Taylor, (3) Taylor sustained a serious injury, and (4) defendant acted without justification. *See* Iowa Code § 708.4. We uphold a jury's verdict unless the record lacks substantial evidence to support the charge. *State v. Liggins,* 524 N.W.2d 181, 186 (Iowa 1994). Substantial evidence means evidence that could convince a rational jury that the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* If there is substantial evidence of self-defense, the State has the burden of proving the defendant was not justified in his use of force in his defense. *State v. Delay,* 320 N.W.2d 831, 834 (Iowa 1982).

Justification is a statutory defense permitting a defendant to use reasonable force when the defendant reasonably believes that such force is necessary to defend himself or herself from any imminent use of unlawful force. Iowa Code § 704.3; *Delay,* 320

N.W.2d at 834. It is not disputed that Stallings used deadly force against Taylor. On appeal Stallings contends the State failed to establish that he acted without justification.

From our review of the entire record we find there was substantial evidence that the shooting was without justification. The jury could rationally reject Stallings' self-defense claim and find that the State had proved he was not justified in his use of deadly force. *See State v. Thornton,* 498 N.W.2d 670, 673–74 (Iowa 1993). The jury was instructed as to the elements the State must prove to show the defendant was not justified in his use of force. *See State v. Elam,* 328 N.W.2d 314, 319 (Iowa 1982); *State v. Overstreet,* 243 N.W.2d 880, 884 (Iowa 1976); *see also* I Iowa Criminal Jury Instructions 400.2 (1990). The court did not err in denying Stallings' motion for a judgment of acquittal.

## III. *Instructions.*

■■■ Stallings urges the trial court improperly instructed the jury on the reasonable use of deadly force. The trial court has a duty to instruct fully and fairly on the law regarding all issues raised by the evidence. Iowa R.Crim.P. 18(5)(f). The court may phrase the instructions "in its own words as long as the instructions given fully and fairly advise the jury of the issues they are to decide and the law which is applicable." *State v. Rupp,* 282 N.W.2d 125, 126 (Iowa 1979). When a single jury instruction is challenged, it will not be judged in isolation but rather in context with other instructions relating to the criminal charge. *See Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368, 373 (1973).

Stallings requested the court give the following instruction:

Reasonable force is only the amount of force a reasonable person would find necessary to use under the circumstances to prevent death or injury.

A person can use deadly force against another if it is reasonable to believe that such force is necessary to avoid injury or risk to one's life or safety or the life or safety of another, or it is reasonable to

believe that such force is necessary to resist a like force or threat.

(Patterned after I Iowa Criminal Jury Instructions 400.6 (1991)).

Counsel for the State objected to the use of the proposed instruction because it was misleading. Counsel suggested the proposed instruction appears "to allow people to use deadly force simply to avoid a punch in the mouth or a scratch on the hand or something like that." The court agreed with the State's argument that "one has to respond with proportionate force rather than force that is disproportionate to the provocation" and submitted the following instruction to the jury:

The term "reasonable force" means that force and no more than a reasonable person, under the facts and circumstances which exist at that time, would find necessary to defend one's self.

The use of deadly force is reasonable only to resist a similar force or threat.

(Patterned after I Iowa Criminal Jury Instructions 400.15 (1988)). It is this instruction that Stallings challenges on appeal.

Iowa adopted the "Iowa Criminal Code" effective January 1, 1978. 1976 Iowa Acts ch. 1245. Under its provisions relating to the defense of justification, "reasonable force" was defined as

that force which a reasonable person, in like circumstances, would judge to be necessary to prevent an injury or loss, and no more, except that the use of deadly force against another is reasonable only to resist a like force or threat.

Iowa Code § 704.1 (1979).

In 1981 Iowa Code section 704.1 was amended to define "reasonable force" as

that force and no more which a reasonable person, in like circumstances, would judge to be necessary to prevent an injury or loss and can include deadly force if it is reasonable to believe that such force is necessary to avoid injury or risk to one's life or safety or the life or safety of another, or it is reasonable to believe that such force is necessary to resist a like force or threat.

1981 Iowa Acts ch. 204, § 2. Stallings objected to the court's failure to include the

language of the amendment in its instruction on the definition of reasonable force.

We have stated,

Although it is not necessary that the court's definitional instruction contain precisely the language of the statute, the instruction must be a correct statement of the law and the instructions as a whole should adequately and correctly cover the substance of the requested instruction.

*State v. Monk,* 514 N.W.2d 448, 450 (Iowa 1994). The court's instruction defining reasonable force stated the "use of deadly force is reasonable *only* to resist a similar force or threat." (Emphasis added.) This was the only instruction addressing the question as to when deadly force may be considered reasonable force. The court's instruction failed to include the alternate circumstances included in the 1981 amendment of section 704.1 where the use of deadly force is reasonable "if it is reasonable to believe that such force is necessary to avoid injury or risk to one's life or safety." The court's instruction did not fully and fairly instruct on the applicable law.

The State suggests that if the trial court erred in submitting the reasonable force instruction it was not prejudicial error because the jury could and did find the State proved Stallings was not justified in his use of deadly force. Although the jury found Stallings' use of deadly force was not justified, we do not know if the jury's verdict was based upon proof that the force used by him was unreasonable or upon proof of one of the other alternate elements included in the court's instruction patterned after I Criminal Jury Instructions 400.2. Because of the court's failure to fully and fairly instruct on the use of deadly force, we must reverse and remand for retrial. A complete instruction on reasonable force is essential for a complete statement of the law.

IV. *Exclusion of Expert Opinion.*

Stallings intended to call Dr. McCabe, an otolaryngologist, to testify as to the severity of the injury to his ear as a result of Taylor's assault on him the evening of June 28, 1993. The court precluded the testimony

based on the State's relevancy objection. We conclude the court abused its discretion by excluding the proposed expert testimony.

Expert testimony as to the injury was clearly relevant to Stallings' claim of self-defense. Although he and Gully testified as to the severity of the injury resulting from Taylor's punches, expert testimony would be admissible to corroborate the lay testimony. Upon retrial Stallings should be permitted to call and offer expert testimony regarding the nature and extent of the injury resulting from Taylor's assault on him.

**REVERSED AND REMANDED.**