**IN THE COURT OF APPEALS OF IOWA**

No. 16-0140
Filed December 21, 2016

**CHRISTIAN LUCIER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, James C. Bauch, Judge.

Christian Lucier appeals the denial of his application for postconviction relief. **AFFIRMED.**

Christopher M. Soppe of Pioneer Law Office, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Christian Lucier appeals the district court decision denying his application for postconviction relief from his convictions for first-degree robbery, first-degree burglary, and possession of a controlled substance with intent to deliver. We find there was no prejudice to Lucier with regard to both the preparation of his expert witness and the admission of text messages into evidence. We also find the marshalling instruction on robbery was proper. Finally, we find the issues raised by Lucier's pro se motion to amend were addressed in the district court's ruling. We affirm the decision of the district court denying Lucier's application for postconviction relief.

## I. Background Facts and Proceedings

Christian Lucier was convicted of first-degree robbery, in violation of Iowa Code section 711.2 (2011); first degree burglary, in violation of section 713.3; and possession of a controlled substance with intent to deliver, in violation of section 124.401(1)(d). Lucier and two others broke into an apartment, threatened the occupants with a gun, and stole a flat-screen television, an i-pod touch, two cell phones, a wallet, cash, and marijuana. Due to the "overwhelming" evidence against him, Lucier pursued an affirmative defense of diminished responsibility due to intoxication. After his conviction, Lucier appealed and his conviction was affirmed. *State v. Lucier*, No. 11-0609, 2013 WL 2145780, at *2 (Iowa Ct. App. May 15, 2013).

Lucier filed an application for postconviction relief on June 10, 2013. He claimed he received ineffective assistance because defense counsel failed to produce to Lucier's expert additional police reports and a post-arrest video

recording from law enforcement showing no signs of intoxication. Additionally, Lucier claimed counsel failed to object to hearsay statements and a jury instruction. Finally, Lucier claimed the district court erred by failing to rule on the issues raised in his pro se motion to amend. The district court denied the application, finding trial counsel had been effective in the face of "very strong" evidence. Lucier now appeals.

## II. Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice," and each element must be proven by a preponderance of the evidence. *Id*. at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id*. "Representation by counsel is presumed competent, and a postconviction applicant has the burden to prove by a preponderance of the evidence that counsel was ineffective." *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991). Regarding prejudice, "the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 669 (1984).

## III. Preparation of the Expert Witness

Lucier claims counsel was ineffective for failing to provide additional police reports and a videotape depicting Lucier after arrest to his expert witness, Dr.

Conditt. During cross examination, Dr. Conditt admitted the videotape and police reports would have been useful in helping to form his opinion but continued to affirm his position that Lucier was too intoxicated to form the specific intent required to commit the offenses. Lucier claims trial counsel's failure to provide the information was a breach of duty, and Dr. Conditt's opinion was not credible after cross-examination due to the lack of relevant information.

The evidence against Lucier at trial concerning his lack of intoxication was overwhelming. The testimony of officers who had interacted with him during and after his arrest uniformly described him as alert and without any indication of intoxication. Additionally, text messages from Lucier suggesting a specific intent to commit the crimes had been admitted into evidence over an objection by trial counsel. Lucier also made a telephone call from jail and stated he committed the robbery to get rent money, which call also showed no signs of intoxication. Other evidence admitted at trial included a mask, made by cutting eye holes in a tee-shirt, and DNA found inside the shirt, which matched that of Lucier.

The weight of evidence against Lucier was succinctly summed up by his trial counsel at the post-conviction trial: "[the State] had a bazooka, and I had a BB gun." The evidence against Lucier's defense of intoxication is nearly unassailable. "[W]e find no prejudice to the appellant because the evidence presented at his trial was overwhelming concerning his guilt." *See Whitsel v. State*, 439 N.W.2d 871, 875 (Iowa Ct. App. 1989).

## IV. Admission of Text Messages

Lucier also claims trial counsel was ineffective by allowing hearsay evidence, in the form of text messages between Lucier and a co-defendant, to be

admitted. Lucier's trial counsel asked a police officer involved in the case what time Lucier was approached by a co-defendant "to go do these naughty things?" Counsel was attempting to question the officer about Lucier and the co-defendant's plan to drink alcohol and smoke marijuana, however, the officer mentioned the text messages sent between Lucier and the co-defendant indicating specific intent to commit the robbery. On redirect examination, the State questioned the officer in more depth about the text messages. Lucier's counsel objected to the text messages as hearsay, which was overruled. Therefore, Lucier's counsel fulfilled his duty through the objection. We find the text messages were properly admitted and find the evidence presented at trial was so overwhelming as to preclude any potential finding of prejudice. *See id.*

## V. Jury Instructions

Lucier further claims trial counsel was ineffective for failing to object to jury instruction No. 21. Under the Iowa Code, "[a] person commits robbery in the first degree when, while perpetrating a robbery, the person purposely inflicts or attempts to inflict serious injury, or is armed with a dangerous weapon." Iowa Code § 711.2. Jury instruction No. 21 stated:

> The State must prove all of the flowing elements of Robbery in the First Degree:
> 1. On or about the 1st day of January, 2011, the defendant had the specific intent to commit a theft or aided and abetted another knowing the other had the specific intent to commit a theft.
> 2. To carry out his intention or to assist him or another in escaping from the scene, with or without the stolen property, either the defendant or the person the defendant aided and abetted:
>     a. Committed an assault on [victim 1] and/or [victim 2].

> b. Threatened [victim 1] and/or [victim 2] with, or purposely put [victim 1] and/or [victim 2] in fear of immediate serious injury.
> 3. The defendant or the person the defendant aided and abetted was armed with a dangerous weapon.
> If the state has proved all of the elements, the defendant is guilty of Robbery in the First Degree. If the state has proved elements 1 and 2 but has failed to prove element 3, the defendant is guilty of Robbery in the Second Degree. If the state has failed to prove either element 1 or 2, the defendant is not guilty of Robbery and you will then consider the charge of Assault as explained in Instruction No. 25.

Lucier claims this jury instruction does not accurately state the elements of robbery in the first degree established in the Iowa Code by not including the words "while perpetrating."

The essence of Lucier's claim is that the words "while perpetrating" are different than the jury instructions, which require the use of a dangerous weapon and committing acts constituting robbery. However, the district court is given broad discretion in phrasing jury instructions. *State v. Stallings*, 541 N.W.2d 855, 857 (Iowa 1995) (holding the court may use its own words to phrase instructions if they give full and fair advice of the issues and law that is applicable.). Our supreme court has defined "perpetration" broadly and also applied that term "to acts connected with the commission of a crime, including acts occurring after a crime." *See State v. Pace*, 602 N.W.2d 764, 772 (Iowa 1999). Adding the words "while perpetrating" would not have added a new element to the instructions, and therefore, objecting would have been meritless. "It is axiomatic that ineffectiveness of counsel may not be predicated on the filing of a meritless motion." *State v. Ray*, 516 N.W.2d 863, 866 (Iowa 1994). Therefore, we find Lucier's trial counsel was not ineffective for failing to object to the jury instruction.

**VI. Pro Se Issues**

Finally, Lucier claims the district court erred by failing to rule on issues raised in his pro se motion to amend. Lucier raised four ineffective-assistance-of-counsel claims in his motion to amend: (1) failure to object to jury instructions regarding robbery in the first degree, (2) failure to argue the merger of burglary and robbery, (3) failure to argue insufficiency of evidence, and (4) failing to argue due process was violated by the State's use of an aiding and abetting theory.

The district court need not rule specifically on each allegation raised by a petitioner if the ruling adequately addresses each issue raised. *State v. Allen*, 402 N.W.2d 438, 441 (Iowa 1987). While the district court did not specifically address the allegations raised in Lucier's pro se motion, the ruling in the postconviction-relief matter did address each issue Lucier raised. The district court specifically held the jury instructions were proper and that counsel had made a proper record concerning the instructions and the use of "aiding and abetting."

This finding resolves all of Lucier's claims. Lucier's claim that the instructions regarding first-degree robbery were improper is clearly resolved by a finding the instructions submitted to the jury were correct. Lucier's claim that merger was not raised is resolved by this finding, as the instructions required unshared elements to prove burglary and robbery. Thus, if the instructions were correct, merger would be impossible.

Lucier's claim that the evidence was insufficient and that an aiding and abetting theory was unfairly used against him were also resolved by the district court's ruling. Lucier's evidentiary claim argues evidence was insufficient as the

only person identified using a gun was a co-defendant. However, because the instruction regarding aiding and abetting was found to be proper, both these claims were necessarily addressed by the district court. Therefore, we affirm the decision of the district court denying Lucier's application for postconviction relief.

**AFFIRMED.**