# IN THE COURT OF APPEALS OF IOWA

No. 17-1054
Filed September 12, 2018

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**ETHEN EDDIE RICHARD AYERS,**
 Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee County, Ty Rogers, District Associate Judge.


Ethen Ayers appeals his conviction of assault on a correctional officer causing bodily injury. **AFFIRMED.**


William R. Monroe of Law Office of William Monroe, Burlington, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., Doyle, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

Ethen Ayers appeals his conviction of assault on a correctional officer causing bodily injury. He contends (1) his trial counsel was ineffective in failing to object to several instances of alleged prosecutorial misconduct and (2) the district court erred in declining to instruct the jury on a justification defense.[1]

## I.     Background Facts and Proceedings

Upon the evidence presented at trial, a reasonable jury could make the following factual findings. On December 8, 2016, Correctional Officer Derek Dill was working in the housing unit in the state penitentiary in which Ayers resides. As a result of a previous lockdown on this date, inmates were restricted from taking showers for a period of time. Sometime after the lockdown ceased, Ayers asked Dill if he could take a shower. Dill told Ayers no, upon which Ayers requested to speak with a correctional sergeant. According to Ayers's subsequent interview with an investigator, Dill responded, "I'm not doing nothing for you, shut the fuck up and lay down." At this point, Ayers began packing up his belongings in his cell, having decided if Dill did not apologize to him he was going to attack Dill. Thereafter, Dill did not apologize to Ayers, and Ayers "felt disrespected to the max." The lack of an apology "sealed the deal" for Ayers, and Ayers decided he was going to attack Dill.

---

[1] In the "Statement of the Case" portion of Ayers's brief on appeal, he passively suggests his trial counsel was ineffective "for failing to effectively argue for and obtain a justification defense." No further argument is made concerning counsel's effectiveness in relation to the justification defense. Instead, in the "Argument / Discussion of the Merits" section of Ayers's brief, he only argues the district court erred in declining to instruct the jury on defense of self or property. We will only consider the issue with which Ayers provides us a substantive argument, whether the district court erred in declining to instruct the jury on a justification defense. *See* Iowa R. App. P. 6.903(2)(g)(3).

Later, while inmates were enjoying recreational time, Dill was seated at the correctional officer's desk in the inmate housing unit writing a report. Video footage from the prison shows that while Dill was writing his report, Ayers approached from behind and punched Dill in the side of the face, knocking him to the floor. Ayers then spit on Dill. In his subsequent interview with the penitentiary investigator, Ayers unequivocally admitted to assaulting Dill. Dill suffered a laceration and swelling under his right eye, two black eyes, a chipped tooth, and the dislodging of two cavity fillings. Ayers generally asserted in his trial testimony that he attacked Dill because he felt disrespected and he did not want to be seen as weak by the other inmates. He testified he was forced to take action against Dill.

Ayers was charged by trial information with assault on a correctional officer causing bodily injury. A jury found him guilty as charged. Ayers appealed following the imposition of sentence. Additional facts may be set forth below as are relevant to the issues raised on appeal.

## II.    Analysis

### A.    Ineffective Assistance of Counsel—Prosecutorial Misconduct

Ayers contends his trial counsel was ineffective in failing to object to several instances of alleged prosecutorial misconduct. We review ineffective-assistance-of-counsel claims de novo. *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018). Ayers "must establish by a preponderance of the evidence that '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018) (quoting *State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may consider either the prejudice prong or breach of duty first, and failure to

find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

### 1. *Reading of the Trial Information—Level of Offense*

First, Ayers contends his counsel was ineffective in relation to the prosecutor engaging in misconduct by advising the jury during his recitation of the trial information at the beginning of trial that the crime with which Ayers was charged is an aggravated misdemeanor. The record indicates, and Ayers concedes, that when this statement was made, defense counsel began to voice an objection. However, before the objection could be uttered, the court interjected, admonishing the jury it was "not to consider the statement of counsel regarding the level of offense." Following opening statements, defense counsel requested a recess and moved for a mistrial as a result of the statement. The district court denied the motion, noting, among other things, its immediate admonishment of the jury to disregard the reference to the level of the offense.

Under these circumstances, we cannot say defense counsel performed "below the standard demanded of a reasonably competent attorney" and therefore failed to perform an essential duty. *See Harrison*, 914 N.W.2d at 206 (quoting *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001)). Here, defense counsel clearly intended to object to the statement, and after the court took the statement into its own hands, counsel promptly moved for a mistrial. Counsel did not fail to perform an essential duty. As to the prejudice prong, the court promptly instructed the jury to disregard the reference to the level of the offense. "We presume juries follow the court's instructions." *State v. Hanes*, 790 N.W.2d 545, 552 (Iowa 2010).

The court's instruction dissipated any prejudice flowing from the statement. Counsel was not ineffective in this respect.

### 2. *Reading of Trial Information—"True Information"*

Ayers's next contention also concerns his counsel's failure to object to the prosecutor's recitation of the trial information to the jury at the beginning of the trial, wherein the prosecutor stated it was "A True Information." Ayers contends use of the word "true" improperly influenced the jury to believe the accusations against him were true and was therefore a violation of his right to be presumed innocent. He also argues the statement was an improper expression of opinion on the part of the prosecutor and improperly appealed to the passion and prejudice of the jury.

In order to establish the prejudice prong of an ineffective-assistance claim, a defendant is required to "show that there is a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "[T]he question is whether there is a reasonable probability that, absent the [alleged] errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Upon our de novo review of the record, we answer that question in the negative. In his interview with an investigator after his assault of Dill and in his trial testimony, Ayers readily admitted that the allegations against him were "true." Simply stated, the evidence supporting the conviction was overwhelming. We find no reasonable probability of a different outcome had the prosecutor never stated the trial information was "A True Information." Counsel was not ineffective.

### 3. *Opening Statements*

Next, Ayers complains of his counsel's failure to object to the prosecutor's expressions in opening statements concerning what he expected the evidence would show. Ayers specifically complains of the following statements on the part of the prosecutor:

> So at the end of the day, folks, you know, I believe that we will be able to prove that the defendant committed an act that was intended to cause an injury upon the victim, that the victim was a correctional officer, the defendant definitely had the ability to do so, and that a bodily injury occurred.
> . . . . But I feel that after we've presented you with the evidence, that you will find the only right verdict, and that's guilty, as I would have proven that to you beyond a reasonable doubt.
> So in the next few hours, you know, please take time—and you'll be watching a video, you'll have an opportunity to read, and you'll have an opportunity to hear why he should be convicted in this matter. Thank you.

Ayers contends these statements were impermissible statements of personal opinion on the part of the prosecutor. But Ayers chooses only selective language from the prosecutor's opening statement. He omits the portions of the opening statement in which the prosecutor detailed the evidence that would be presented. Furthermore, the complained of language does not even contain a statement of opinion as to the outcome of the case or Ayers's guilt, innocence, or credibility. Instead, the prosecutor merely provided his summary of what the evidence would show and stated his belief the evidence would be sufficient to support each element of the crime charged. Prosecutors are allowed to express their belief in opening statements that the evidence will support the charge. *See State v. Shanahan*, 712 N.W.2d 121, 139 (Iowa 2006) ("This so-called egregious statement is nothing more than the prosecutor's belief the evidence would support the charge . . . ."); *see also State v. Crafton*, 56 N.W. 257, 529 (1893) ("In the opening of a

case some latitude must be allowed counsel in stating what they expect to prove."). We find the prosecutor's statements were permissible, and defense counsel was therefore under no duty to object. Alternatively, based on the overwhelming evidence of Ayers's guilt, we find no reasonable probability of a different outcome had the challenged statements never been made.

### 4. *Closing Arguments*

Next, Ayers contends the prosecutor engaged in misconduct during closing arguments in a number of respects. First, Ayers complains of his counsel's failure to object to the prosecutor's statement in rebuttal argument that Ayers "blind-sided and cold-cocked" Dills. But the prosecutor was "entitled to some latitude during closing argument in analyzing the evidence admitted" and was allowed to "argue the reasonable inferences and conclusions to be drawn from the evidence." *See State v. Graves*, 668 N.W.2d 860, 874 (Iowa 2003). Based upon the evidence presented, the prosecutor's description of the attack was a completely accurate characterization. We find defense counsel was under no duty to object.

Next, Ayers complains his counsel failed to object to the prosecutor stating his own personal beliefs during closing rebuttal. But, similar to Ayers's challenge to the prosecutor's opening statement, this is merely a challenge to the prosecutor's argument that the evidence presented was sufficient to establish the elements of the charged crime. Again, we find this permissible and conclude defense counsel was under no duty to object. Alternatively, based on the overwhelming evidence of Ayers's guilt, we find no reasonable probability of a different outcome had the challenged statements never been made in closing arguments.

B.      Jury Instructions

The court's proposed marshalling instructions for the crime charged and the lesser-included offenses required as an element of each offense that Ayers "did an act which was intended to cause pain or injury or result in physical contact which was insulting or offensive or place Derek Dill in fear of an immediate physical contact which would have been painful, injurious, insulting or offensive to him." After the close of the evidence, Ayers's counsel requested language to be added to each instruction to require the act was done "without justification." Upon questioning by the court, defense counsel specified she was referring to self-defense as a justification for Ayers's act of assaulting Dill. The court then questioned defense counsel concerning what evidence supported instructing the jury on the issue of self-defense. Counsel pointed to Ayers's indication in his trial testimony "that he felt provoked into this." The court concluded there was insufficient evidence to warrant instructing the jury on justification or self-defense.

On appeal, Ayers argues the evidence presented "justified a jury question on the issue of justification as to defense of self or [his] property . . . because it could have convinced a rational fact finder that [he] established the affirmative defense."

"Alleged errors in the submission or refusal to submit jury instructions are reviewed for correction of errors at law." *State v. Tipton*, 897 N.W.2d 653, 694 (Iowa 2017). "The district court has a 'duty to instruct fully and fairly' on the law applicable to 'all issues raised by the evidence.'" *State v. Schuler*, 774 N.W.2d 294, 297 (Iowa 2009) (quoting *State v. Stallings*, 541 N.W.2d 855, 857 (Iowa 1995)). "If substantial evidence in the record support's a party's legal theory, it is

entitled to submit that theory to the jury." *Ludman v. Davenport Assumption High Sch.*, 895 N.W.2d 902, 919–20 (Iowa 2017). "Evidence is substantial enough to support a requested instruction when a reasonable mind would accept it as adequate to reach a conclusion." *Id.* at 920 (quoting *Beyer v. Todd*, 601 N.W.2d 35, 38 (Iowa 1999)).

First and foremost, Ayers's request for a justification instruction was limited to the issue of self-defense, and Ayers never requested an instruction on his appellate claim of defense of property. He has therefore failed to preserve error on the defense-of-property claim. *See* Iowa R. Civ. P. 1.924 ("[A]ll objections to giving or failing to give any instruction must be made in writing or dictated into the record . . . specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal."); Iowa R. Crim. P. 2.19(5)(f) ("The rules relating to the instruction of juries in civil cases shall apply to the trial of criminal cases."). In any event, the record makes abundantly clear that this justification defense does not apply to the facts of this case.

As to the self-defense claim, Ayers points to his testimony that he felt disrespected by Dill, that other inmates observed such disrespect, and that this could *potentially* lead to other inmates targeting him as a weakling. No evidence was presented that attacking Dill was "*necessary*" for Ayers to defend himself from "any *imminent* use of unlawful force" by another inmate, a correctional officer, or anyone else for that matter. *See* Iowa Code § 704.3 (2016) (emphases added) (defining when a person is justified in using reasonable force to defend oneself). We affirm the district court's refusal to instruct the jury on justification.

**III.    Conclusion**

We conclude trial counsel was not ineffective as alleged and the district court appropriately declined to instruct the jury on a justification defense. We affirm Ayers's conviction of assault on a correctional officer causing bodily injury.

**AFFIRMED.**