**IN THE COURT OF APPEALS OF IOWA**

No. 18-1149
Filed June 5, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NIKOLAS A. STEPHENS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Hardin County, Kurt J. Stoebe,
Judge.

        Nikolas Stephens appeals his conviction of leaving the scene of an accident
resulting in death.  **AFFIRMED.**

        David R. Johnson of Brinton, Bordwell & Johnson, Clarion, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney
General, for appellee.

        Considered by Vogel, C.J., Bower, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

A jury found Nikolas Stephens guilty of leaving the scene of an accident resulting in death stemming from an incident in which Stephens collided with a pedestrian on a dark highway in the late-evening hours of September 12, 2015, while traveling in the neighborhood of sixty miles per hour. Stephens appeals his conviction, contending: (1) the court abused its discretion in excluding evidence the pedestrian victim was impaired by drugs or alcohol at the time of the collision, (2) the court erred in declining to provide instructions to the jury concerning the victim's negligence, and (3) the court abused its discretion in admitting the content of a text message as evidence because it was irrelevant and prejudicial.[1] We consider his arguments in turn.

## I.    Victim Impairment

Prior to trial, the State filed a motion in limine requesting any evidence concerning the alleged use of alcohol or drugs on the part of the victim on the evening in question to be excluded as irrelevant. Stephens filed a resistance, arguing the victim's intoxication "made it more likely that Stephens did not see him"

---

[1] In relation to his final argument, Stephens alleges the State engaged in prosecutorial error by violating the court's pretrial limine ruling that prohibited the State from eliciting opinion testimony from law enforcement witnesses that Stephens was trying to avoid them. Stephens acknowledges the claim of prosecutorial error was not preserved for our review, and he appears to concede his counsel's failure to object was a "strategy decision," thus negating any potential claim of ineffective assistance of counsel. He nevertheless requests that we conclude on the merits that the State committed prosecutorial error and take that circumstance into consideration in assessing his claim concerning the alleged improperly admitted text message. We decline his request to consider the merits of an unpreserved issue on appeal. If he so wishes, Stephens may raise his claim as a claim of ineffective assistance of counsel in a postconviction-relief proceeding. *See* Iowa Code § 822.2(1)(a) (2015); *see also State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules.").

because the victim may have been stumbling or otherwise ambulating in an intoxicated fashion on the roadway. The court heard the motion the morning of trial. The State generally argued the victim's impairment had no bearing on whether Stephens committed the elementary acts of the crime. Stephens argued "the sobriety or intoxication of the pedestrian makes" it more probable that he "literally walked right in front of a moving vehicle." The court granted the State's motion in limine. Stephens made two offers of proof during trial relative to evidence concerning the victim's intoxication, but the court declined to modify its ruling. Following the jury's guilty verdict, Stephens raised the issue in a motion for a new trial, arguing evidence of the victim's intoxication was relevant and exclusion of the same violated his right to a fair trial. The court overruled the motion.

Stephens echoes his relevancy claims on appeal. We review district court rulings on relevance of evidence for an abuse of discretion, our most deferential standard of review. *State v. Tipton*, 897 N.W.2d 653, 691 (Iowa 2017); *see State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). An abuse of discretion occurs when the court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Tipton*, 897 N.W.2d at 691. Relevant evidence is generally admissible. Iowa R. Evid. 5.402. Evidence is relevant if (1) "[i]t has any tendency to make a fact more or less probable than it would be without the evidence" and (2) "[t]he fact is of consequence in determining the action." Iowa R. Evid. 5.401.

The jury was instructed the State was required to prove as an element of the crime that Stephens, at the time of the accident, "knew the accident resulted in injury or death to another person" or "knew the accident was of such a nature that

a reasonable person would anticipate that injury or death had occurred to another person." Stephens essentially argues the alleged fact that the victim was impaired was relevant to whether Stephens saw him and knew or had reason to know he hit a person. However, as the State points out, Stephens "is unable to explain how [the victim's] level of intoxication could have made him easier [or] harder to recognize as a human." The video footage of the collision shows the victim to be walking upright in the roadway in the seconds before the collision. Upon the evidence presented at trial, we see no relevance of the victim's intoxication on the issue of whether Stephens knew or had reason to anticipate the accident resulted in death or injury to another. We therefore affirm the district court on this point.

In any event, rulings excluding evidence only require reversal "if the error affects a substantial right of the party." Iowa R. Evid. 5.103(a).

> To determine whether a substantial right of a party has been affected when a nonconstitutional error occurs, we employ harmless error analysis and ask: "Does it sufficiently appear that the rights of the complaining party have been injuriously affected by the error or that he has suffered a miscarriage of justice?"

*State v. Paredes*, 775 N.W.2d 554, 571 (Iowa 2009) (quoting *State v. Sullivan*, 679 N.W.2d 19, 29 (Iowa 2004)). Upon our review of the evidence presented, we answer that question in the negative. The State presented an abundance of evidence from which a rational jury could easily conclude Stephens knew or had reason to anticipate the accident resulted in death or injury to another.

## II. Jury Instructions

Next, Stephens argues the court erred in declining to provide instructions to the jury concerning the victim's alleged negligence. Appellate review of the district court's refusal to give requested jury instructions is for legal error. *State v. Benson*,

919 N.W.2d 237, 242 (Iowa 2018). At trial, Stephens requested the court to provide the jury with two instructions from the Iowa Civil Jury Instructions relative to the victim's alleged negligence. The first instruction provides "[a]ny pedestrian crossing a road at any point other than a crosswalk shall yield the right of way to all vehicles on the road" and a failure to do so amounts to negligence. The second instruction states, "Pedestrians shall walk on or along the left side of a highway" and failure to do so amounts to negligence. The court declined to include the instructions. Stephens re-raised the issue in his new-trial motion, which was overruled by the court.

"The district court has a 'duty to instruct fully and fairly' on the law applicable to 'all issues raised by the evidence.'" *State v. Schuler*, 774 N.W.2d 294, 297 (Iowa 2009) (quoting *State v. Stallings*, 541 N.W.2d 855, 857 (Iowa 1995)). "Jury instructions are designed to explain the applicable law to the jurors so the law may be applied to the facts proven at trial." *State v. McCall*, 754 N.W.2d 868, 872 (Iowa Ct. App. 2008) (quoting *State v. Bennett*, 503 N.W.2d 42, 45 (Iowa Ct. App. 1993)). The question in this matter is whether the instructions had application to the case. *See State v. Martinez*, 679 N.W.2d 620, 623 (Iowa 2004). We also answer that question in the negative. Whether the victim was negligent in his maneuvers on the highway has no bearing on the elements the jury was instructed the State was required to prove. To the extent Stephens argues the victim's alleged negligence affected Stephens's ability to identify the object he collided with as a person, we note "[e]rror in . . . refusing to give a jury instruction does not warrant reversal unless it results in prejudice to the complaining party." *State v. Plain*, 898 N.W.2d 801, 817 (Iowa 2017) (quoting *State v. Hoyman*, 863 N.W.2d 1, 7 (Iowa 2015)).

Again, "the test of prejudice is whether it sufficiently appears that the rights of the complaining party have been injuriously affected or that the party has suffered a miscarriage of justice." *Id.* (citation and internal quotation marks omitted). We reiterate our conclusion that the State presented an abundance of evidence from which a rational jury could easily conclude Stephens knew or had reason to anticipate the accident resulted in death or injury to another. We affirm the district court's refusal to include Stephens's requested instructions.

## III.     Remaining Evidentiary Challenge

Finally, Stephens argues the court abused its discretion in admitting the content of a text message as evidence because it was irrelevant and prejudicial. The evidence presented to the jury shows the subject text message was sent from Stephens's cell phone a few days after the collision. The text message reads as follows:

> I had my phone turned off. Listen, you can call me, if you want. I can't tell you a whole lot, but the main thing you need to know is that, if anyone asks, police officer or not, E-D to let them know that you have no idea where I am. You don't know anything.

Stephens challenged the admissibility of the evidence on hearsay, relevance, and prejudice grounds. The court overruled the objection, as well as a similar challenge in Stephens's motion for a new trial.

On appeal, Stephens challenges the admissibility of the text message on relevance and prejudice grounds. Our review is for an abuse of discretion. *Tipton*, 897 N.W.2d at 691. As noted, evidence is relevant if (1) "[i]t has any tendency to make a fact more or less probable than it would be without the evidence" and (2) "[t]he fact is of consequence in determining the action." Iowa R. Evid. 5.401. We

agree with the State that the evidence was relevant to show Stephens's intent to avoid the police, and such intent was at least minimally relevant to show Stephens knew or had reason to anticipate the accident resulted in death or injury to another, an essential element of the crime. As to prejudice, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Iowa R. Evid. 5.403. "Because the weighing of probative value against probable prejudice is not an exact science, we give a great deal of leeway to the trial judge who must make the judgment call." *State v. Newell*, 710 N.W.2d 6, 20–21 (Iowa 2006). Here, we are unable to say the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Tipton*, 897 N.W.2d at 691. Further, we cannot say the statement's probative value was substantially outweighed by the risk of unfair prejudice. Consequently, we affirm the district court's admission of the challenged text message.[2]

## IV. Conclusion

Having found no abuse of discretion in the district court's evidentiary rulings or legal error as to the claimed jury-instruction deficiencies, we affirm Stephens's conviction of leaving the scene of an accident resulting in death.

**AFFIRMED.**

---

[2] We do not consider Stephens's arguments, not raised below and raised on appeal for the first time in his reply brief, that the text message was inadmissible for additional reasons. *See Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992) ("[W]e have long held that an issue cannot be asserted for the first time in a reply brief.").