# IN THE COURT OF APPEALS OF IOWA

No. 19-1700
Filed September 1, 2021

**MAURICE MONTRAIL HAYES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Samantha J. Gronewald, Judge.

Maurice Hayes appeals the denial of his application for postconviction relief. **AFFIRMED.**

Jennifer Bennett Finn of Pelzer Law Firm, LLC, Estherville, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., Greer, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**CARR, Senior Judge.**

Maurice Hayes appeals the denial of his application for postconviction relief (PCR). He alleges he received ineffective assistance from his trial and PCR counsel. We review his claims de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

A jury found Hayes guilty of attempted murder, first-degree robbery, and assault causing bodily injury after shooting one person and striking another with a pistol during a robbery. Although both victims identified Hayes as their assailant, one could only see the assailant's eyes and the other was not "a hundred percent certain." On direct appeal, this court found sufficient evidence of Hayes's guilt based on surveillance video and other supporting evidence that bolstered the identifications. *State v. Hayes*, No. 17-0563, 2018 WL 2722782, at *2-3 (Iowa Ct. App. June 6, 2018). We preserved some claims of ineffective assistance of counsel for PCR proceedings. *Id.* at *4-5.

Hayes filed a PCR application alleging six claims of ineffective assistance of trial counsel. After a trial, the PCR court denied the application, finding Hayes failed to provide sufficient evidence to show his trial counsel was ineffective. Hayes appeals the denial of three of those claims and alleges his PCR counsel provided ineffective assistance by failing to claim a violation of his right to an impartial jury.

To succeed on an ineffective-assistance claim, Hayes must show counsel breached a duty and prejudice resulted. *See Lamasters*, 821 N.W.2d at 862. We may affirm if either element is lacking. *See id.* A breach of duty occurs if counsel's performance falls below the standard of a reasonably competent attorney. *See id.*

Prejudice occurs if the outcome of the proceeding would have differed had counsel performed effectively. *See id.*

Hayes first alleges his trial counsel provided ineffective assistance by failing to adequately prepare a defense. He claims his trial counsel only met with him four times and failed to call witnesses to support his statement that he was out of state on the day the crimes occurred. But Hayes fails to show how he was prejudiced by these omissions. Hayes makes only a conclusory claim that trial counsel's failure to meet with him more led to trial counsel failing to zealously advocate on his behalf. And although there were witnesses who could testify about Hayes's presence in Minnesota on that day, they could not provide him an alibi because the crimes occurred in the early morning and the witnesses could only place Hayes in Minnesota later in the day. Hayes argues, however, that these witnesses could have rebutted the implication that he lied when he told the police he was out of town on that date. But he fails to show how rebutting that implication would have changed the result of trial given the overall evidence of his guilt. And, as the PCR court noted, decisions about defense witnesses are tactical decisions that the court will not second-guess. *See State v. Heuser*, 661 N.W.2d 157, 166-67 (Iowa 2003). Trial counsel testified that any witnesses who could place the defendant away from the crime scene at the time of occurrence were investigated. This places the election not to call them well within the definition of a tactical decision.

Hayes next contends his trial counsel rendered ineffective assistance by failing to challenge the credibility of the shooting victim by cross-examining him about convictions for crimes involving dishonesty. But the record shows that trial

counsel cross-examined the shooting victim about a parole violation and a criminal conviction that the victim admitted was either for second-degree theft or driving without owner's consent. Counsel also questioned the shooting victim about new criminal charges he faced and the possibility of receiving a reduced sentence for his cooperation with the State. The decision of trial counsel about the level of aggression with which to cross-examine the shooting victim—whose testimony was not critical or damning—was, we think, a tactical one that, as noted above, we are reluctant to second-guess. And although Hayes's alleges that counsel was ineffective by failing to request a jury instruction on impeachment, he fails to articulate how instructing the jury on the limited reason for which they could consider the evidence of a witness's crimes would have changed the result of trial.

Hayes also challenges his counsel's failure to request a jury instruction on implicit bias. "Iowa law permits—but does not require—cautionary instructions that mitigate the danger of unfair prejudice."[1] *State v. Plain*, 898 N.W.2d 801, 816 (Iowa 2017), *holding modified by State v. Lilly*, 930 N.W.2d 293 (Iowa 2019). Hayes asks us to overrule *Plain* and require the court to instruct the jury on implicit bias, but we cannot overturn the rulings of our supreme court. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). In any event, the court instructed the jury "not [to] be influenced by any personal likes or dislikes, sympathy, bias, prejudices, or emotions." We cannot find Hayes was prejudiced by any failure of counsel to request a different instruction.

---

[1] The supreme court issued its ruling in *Plain* four months after Hayes went to trial.

Finally, Hayes alleges his PCR counsel was ineffective by failing to argue that Hayes did not receive an impartial jury and present evidence that the jury was not drawn from a fair cross-section of the community. Hayes relies on supreme court decisions entered after he was tried and convicted. *See Plain*, 898 N.W.2d at 821-29 (addressing a defendant's right to an impartial jury drawn from a fair cross-section of the community), *as modified by Lilly*, 930 N.W.2d at 298-308 (articulating the standard deviation required to make a threshold claim). Our supreme court has held that the *Plain* holding does not apply retroactively to cases on collateral review. *Thongvanh v. State*, 938 N.W.2d 2, 16 (Iowa 2020), *reh'g denied* (Feb. 10, 2020); *see also, e.g.*, *Millam v. State*, 745 N.W.2d 719, 722 (Iowa 2008) ("We do not expect counsel to anticipate changes in the law, and counsel will not be found ineffective for a lack of 'clairvoyance.'"). Turning then to Hayes's argument that his PCR counsel was ineffective for failing to present evidence of the jury's makeup to show the need for an instruction on implicit bias, his argument presumes evidence that is not in the record. We cannot find PCR counsel ineffective on this basis. *See Whitsel v. State*, 439 N.W.2d 871, 872 (Iowa Ct. App. 1989) (requiring a PCR applicant provide "[a]n affirmative factual basis demonstrating the alleged inadequacy of representation" to "overcome a strong presumption of counsel's competency").

Because Hayes has not shown he received ineffective assistance from trial or PCR counsel, we affirm.

**AFFIRMED.**